SARAH LAZARUS et al., Respondents, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

A law changing procedure applies thereafter as well to actions pending when the statute was passed as to those subsequently commenced, unless the former are specially excepted.

The duty to note in the margin of a proposed statement of facts presented by the attorney of a party to an action tried before him, the manner in which each proposition was disposed of by him, formerly imposed upon a referee by the Code of Civil Procedure (§ 1023), he was not bound to perform until his decision of the action.

Where, therefore, after the submission of a case to the referee therein, and after the presentation of proposed findings, but before the decision by the referee, the provision of the Code was repealed (§ 1, chap. 688,

Laws of 1894), *held*, that the referee was relieved by the Repealing Act from the performance of said duty; that the right of a party to the action to have the referee pass upon his proposed finding was not saved from the operation of said Repealing Act by the provision of the Statutory Consolidation Act of 1892 (§ 31, chap. 677, Laws of 1892), which declares that the repeal of a statute "shall not affect or impair any act done or right accruing, accrued or acquired * * * prior to the time of such repeal," as no right had accrued at the time of the repeal.

(Argued April 8, 1895; decided April 16, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 18, 1895, which affirmed an order of Special Term denying a motion by defendants for the order sending back the decision of the referee herein with instructions to rule upon certain proposed findings of fact and conclusions of law as requested by defendants, or to vacate said report.

This action was brought to enjoin the defendant from operating its elevated railroad in Trinity place, in the city of New York, in front of plaintiff's premises.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants. Chapter 688 of the Laws of 1894 did not operate to relieve the referee from a judicial duty, the right to the performance of which had already accrued, in respect to the decision of a case on trial before the statute was passed. (*Dash* v. *Van Kleek*, 7 Johns. 499; *Benton* v. *Wickwire*, 54 N. Y. 226; *N. Y. & O. M. R. Co.* v. *Van Horn*, 57 id. 477; *People* v. *O'Brien*, 111 id. 1; *People* v. *Carnal*, 6 id. 463; *Long* v. *Stafford*, 103 id. 275, 282; *Spalding* v. *Congdon*, 18 Wend. 543; *Ryghtmyre* v. *Durham*, 12 id. 245; *Wood* v. *Keyes*, 6 Paige, 478; *Campbell* v. *Meiser*, 4 Johns. Ch. 344; *Snow* v. *Carpenter*, 54 Vt. 17; *Topley* v. *Goodsell*, 122 Mass. 177; *Paige's Estate*, 50 Cal. 40; *Richardson* v. *Green*, 130 U. S. 104; *Lawrence* v. *Hodgson*, 1 Y. & T. 372; *Freeman* v. *Tranah*, 12 C. B. 415.) The provision of the Code is mandatory. (Code Civ. Pro. § 1023; *Goetling* v. *Rihler*, 33 Hun, 500.)

*Nelson S. Spencer* for respondents. Chapter 688 of the Laws of 1894, repealing section 1023 and amending sections 993, 1022 and 1337 of the Code of Civil Procedure, is an act affecting the remedy, and, as such, applies to pending actions. (*Eggers* v. *M. R. Co.*, 27 Abb. [N. C.] 463, 478; *Shepard* v. *M. R. Co.*, 131 N. Y. 215; *Southwick* v. *Southwick*, 49 id. 510, 517; *Kelly* v. *Brownlow*, 22 J. & S. 129; *Wright* v. *Hale*, 6 H. & N. 227; *Kimbray* v. *Draper*, L. R. [3 Q. B.] 160; *Larkin* v. *Saffarans*, 15 Fed. Rep. 147; *Steubing* v. *N. Y. E. R. Co.*, 138 N. Y. 658, 661.) The order sought to be reviewed does not affect a substantial right and is not appealable to this court. (*Arthur* v. *Griswold*, 60 N. Y. 143; *Whitney* v. *Townsend*, 67 id. 40; *Taylor* v. *Roat*, 48 id. 687.)

ANDREWS, Ch. J.    This is an equity action and was referred to a referee for trial and decision by an order entered May 27, 1893. The evidence was taken and the case was submitted to the referee for decision March 22, 1894. On the same day the defendants submitted to the referee proposed findings of fact and conclusions of law. The referee's time in which to make his decision was, upon his request, extended by stipulation to October 27, 1894. On the 22d day of October, 1894, he made and delivered his report in favor of the plaintiffs, stating generally the grounds of his decision. Intermediate the submission of the case to the referee and the making of his report, namely, on the 12th day of May, 1894, the legislature repealed section 1023 of the Code of Civil Procedure. That section authorized the attorney of either party to an action tried before a court or referee, before the cause is finally submitted for decision, or within such time afterwards and before the decision, as the court or referee may allow, to submit a written statement of the facts which he deemed established by the evidence and of rulings upon questions of law, which he desired the court or the referee to make. The section then declared: " At or before the time when the decision or report is rendered, the court or referee must note

in the margin of the statement the manner in which each proposition has been disposed of, and must either file or return to the attorney the statement thus noted." The referee did not note on the statement submitted by the attorney for the defendants the disposition of the propositions contained therein, and thereupon the defendants moved for an order requiring him to do so. The court at Special Term denied the motion, and from the order there made the defendants appealed to the General Term, where the order was affirmed, and from the order of affirmance they appeal to this court.

The only question is whether the repeal of section 1023 after the case was submitted to the refereee for decision and after the defendants had submitted proposed findings of fact and law, operated to relieve the referee from the duty imposed by that section to note his disposition of the several propositions presented by counsel on the statement submitted. The learned counsel for the defendants rests upon the general rule that statutes are to be construed prospectively and not retrospectively, unless either by express words or necessary implication a different intention appears. The further ground is taken that the right of the defendants to have the referee pass upon the proposed findings accrued upon the submission of the statement, and that such right is saved from the operation of the Repealing Act by section 31 of the Statutory Construction Law of 1892, which declares that the repeal of a statute "shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected." It is incumbent on the defendants, as the first step in the argument based on the general rule adverted to, to show that if the repeal of section 1023 is held to relieve the referee from the duty imposed by that section, it will be, as to this case, retrospective legislation. But so far as the repeal operated upon the referee, it simply relieved him from a duty not yet performed, and which he was not bound to per-

form until the decision. The statute prescribed his duty in a certain contingency, and before the performance of the duty became imperative, and before he had performed it in fact the legislature repealed the statute imposing the duty. The statute as to him was prospective and not retrospective. Nor was it retrospective as to the defendants if by the general rule of law the procedure in an action is governed by the law regulating it at the time any question of procedure arises. It is well settled that the legislature may change the practice of the court and that the change will affect pending actions in the absence of words of exclusion. (*Southwick* v. *Southwick*, 49 N. Y. 510.) The court cannot under guise of an amendment or repeal of a statute cut off any substantial right of a party to have his case decided on the merits according to the law of the land. But it would be a very inconvenient rule, tending to great confusion, if a rule of practice existing when an action is commenced attaches itself to the substance of the right in litigation so that it could not be changed, or that a law changing procedure should be held inapplicable to subsequent proceedings in pending actions unless in terms made applicable thereto. It is the right of a party to have his case heard and decided in the orderly course of legal procedure, but he has no right to demand that the procedure prescribed when the action was commenced should remain unchanged. He prosecutes his action subject to the power of the legislature in matters of practice to abrogate rules existing when his action was brought, or make additional rules, and all subsequent proceedings will be governed thereby. The defendants when they submitted the proposed findings put themselves in a position in which, except for the repeal of section 1023, they would have been entitled to specific rulings on the propositions submitted. The section did not make it the duty of a party to submit proposed findings, but was permissory only. Under section 1022 it was made the duty of the court or referee trying the case to state in the decision or report, the facts found and the conclusions of law

separately, although no findings were submitted by either party. Section 1023 imposed an additional duty upon the court or referee in case proposed findings were submitted. But it was a duty relating to procedure only, and the repeal of the section after the defendants had submitted findings interfered with no legal right of the defendants, nor did the fact of the submission take the case out of the operation of the repealing statute. The defendants had no right to have the report or decision made except in such form or manner as the law required when the decision or report was made. The obligation of the court or referee to pass upon findings submitted was born of the statute and died with it. The case is brought within the effect of the Repealing Act, not because the repeal operates retrospectively, but because a law changing procedure applies thereafter as well to actions pending and undetermined when the law was passed as to actions subsequently commenced, unless the former are specially excepted.

The second ground taken by the defendants, that section 31 of the Statutory Construction Act of 1892 saves the case from the operation of the Repealing Act, is answered by what has been said. The only right which accrued to the defendants upon the submission of the proposed findings was the right to demand from the referee an observance of the provisions of section 1023. But it was a conditional right only, and the abrogation of the duty to pass upon the findings consequent upon a repeal of the section was not in any proper sense an impairment of any act theretofore done by the defendants or any right accrued to them. The change left unimpaired all defenses to the action. The repeal of the section acted directly and immediately upon the duty of the court or referee; and only incidentally upon the particular case in question. The defendants could no longer require the performance of the duty in their behalf, because the legislature had changed the procedure and abrogated the duty. The taking of a step under section 1023, which, if the section had remained in force, would have entitled them to demand the performance by the referee of the duty imposed thereby, was not an act

done which conferred a right, protected by section 37 of the Statutory Construction Act from the ordinary operation of the Repealing Act.

We think the order below was right and it, therefore, should be affirmed, with costs.

All concur.

Order affirmed.