THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* OSCAR ENGLAND, Respondent.

SAME, Appellant, *v.* THOMAS N. MADILL and OSCAR ENGLAND, Respondents.

*Bribery, at a caucus or convention — construction of a statute — the effect of a statutory modification of the punishment for a crime, after its commission.*

Where a question arises as to the intent of the Legislature in enacting a statute, acts *in pari materia*, passed previously or subsequently, and contemporaneous legislation, although not precisely *in pari materia*, may be considered.

A person was indicted on October 8, 1895, under the provision of section 41 of the Penal Code for the alleged offense of bribery committed on the 23d day of August, 1895. Under the law in force when the alleged offense was committed he was punishable under the provisions of section 15 of the Penal Code by fine or imprisonment, or by both. Under chapter 721 of the Laws of 1895, which took effect on September 1, 1895, the punishment for the alleged offense was by imprisonment only. The defendant demurred to the indictment and the court below held that, as the statute in force when the indictment was found prescribed a different punishment from that fixed by the law in force at the time the offense was committed, the defendant could not be punished under the statute in force when the crime was alleged to have been committed, as it had been repealed, nor under the new statute which did not exist when the crime was alleged to have been committed.

*Held,* inasmuch as section 719 of the Penal Code provides that "Nothing contained in any provision of this Code applies to an offense committed or other act done at any time before this Code takes effect; such an offense must be punished according to, and such act must be governed by, the provisions of law existing when it is done or committed in the same manner as if this Code had not been passed," and as the Statutory Construction Law (Chap. 677 of 1892) provides that it shall be applicable to every statute "unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter;" and as section 31 of the act provides that "the repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such repeal had not been effected," — that the Legislature would not be considered to have intended that the amendment to section 41 of the Penal Code, effected by chapter 721 of the Laws of 1895, should apply to offenses which had already been committed when that amendment took effect;

That an offense committed before September 1, 1895, was punishable in the manner prescribed by section 41 of the Penal Code as it stood at the time when the offense was committed.

APPEAL by the plaintiff, The People of the State of New York, from judgments of the Court of Sessions of St. Lawrence county, entered in the office of the clerk of the county of St. Lawrence on the 16th day of November, 1895, upon decisions of the court rendered after a trial at the St. Lawrence County Court of Sessions sustaining the demurrers interposed by the defendants to indictments of a grand jury.

*Ledyard P. Hale*, for the appellant.

*C. A. Kellogg*, for the respondents.

PUTNAM, J.

Section 41 of the Penal Code as in force prior to September 1, 1895, provided that "Any person who, * * * by bribery, menace or other corrupt means, directly or indirectly attempts to influence the vote of any person entitled to vote at such caucus or convention, * * * is guilty of a misdemeanor."

By chapter 721, Laws of 1895, which took effect September first of that year, it was enacted that "section 41 of title 5 of the Penal Code is hereby amended so as to read as follows:" The amendment was by adding after the words "is guilty of a misdemeanor," the words "punishable by imprisonment for not more than one year."

The defendants were indicted on October 8, 1895, under the provisions of section 41 (*supra*), for the alleged offense of bribery committed on the 23d day of August, 1895.

Under the law in force when the alleged offenses were committed they were punishable under the provisions of section 15 of the Penal Code by fine or imprisonment or by both. Under the amendment of 1895, in force when the indictments were found, the punishment for the alleged offenses was by imprisonment only.

It has been held that where a statute has been amended, as in this case, the portions omitted or altered are abrogated and cease to form a part of the statute from the time the new act takes effect. (*Moore* v. *Mausert*, 49 N. Y. 332; *Matter of the Estate of Prime*, 136 id. 347.)

The court below held that as the statute in force when the indictments were found prescribed a different punishment from that fixed by the law in force at the time the alleged offenses were committed, the principle established in *Hartung* v. *The People* (22 N. Y. 95) applied; that the defendants could not be punished under the repealed statute in force when the crimes were alleged to have been committed nor under the new law existing when the indictments were found.

The case of *Mongeon* v. *The People* (55 N. Y. 613), cited by the appellant's counsel, cannot be held to sustain his contention. The effect of that decision was not to change the rule established in *Hartung* v. *The People* (*supra*), but rather to reaffirm the same doctrine. In the *Mongeon* case the repealing statute referred to was, by its terms, applicable only to those who should *thereafter* commit the prohibited offense. In his opinion ALLEN, J., states that if the repealing act had been general in its terms, and had not been restricted to offenses *thereafter committed*, it might have operated as a repeal of the old law as applicable to offenses committed prior to the repealing act, and he notices the distinction between a repeal by an amendment to a prior law, as in the *Hartung* case and also in this case, and a repeal effected by a new statute applicable by its terms to future offenses.

We are called upon to determine whether, in this case, the repealing act in question had the effect of abrogating section 41 of the Penal Code, as far as it is applicable to offenses committed before such act took effect, or whether the amended section should be deemed to relate only to future offenses, leaving section 41, as before the amendment, to apply to acts done before the repealing law took effect. The question is as to the intent of the Legislature in enacting the amendment in question. (*Smith* v. *The People*, 47 N. Y. 330–338.)

Chapter 721 of the Laws of 1895, which amended section 41 of the Penal Code, was enacted by the Legislature May 23, 1895, and, as we have seen, went into effect on September first of that year. It is difficult to believe that the Legislature in fact intended by that act to relieve all persons from punishment doing acts in violation of the provisions of section 41, as then in force, both before and after the passage of the amendatory act, unless indicted and tried before

September 1, 1895. It is proper to bear in mind that the amend-ment effected by chapter 721 (*supra*) was of a section of a Code which provided that " nothing contained in any provision of this Code applies to an offense committed or other act done at any time before this Code takes effect. Such an offense must be punished according to, and such act must be governed by, the provisions of law existing when it is done or committed in the same manner as if this Code had not been passed." (Penal Code, § 719.)

It is held in *Smith* v. *The People* (*supra*, 339) that on the ques-tion of the intent of the Legislature in enacting a statute, acts in *pari materia* passed before or after, and contemporaneous legisla-tion, although not precisely in *pari materia*, may be considered. So I think, in this case, the fact that the repeal in question was effected by an amendment of a Code containing the above pro-vision may be properly considered. Chapter 721 (*supra*) had the effect of repealing to a certain extent section 41 (*supra*). The amended section created by the new statute of 1895 was incorpo-rated into a Code which provided that " nothing contained in any provision of this Code applies to an offense committed * * * before this Code takes effect." Can the Legislature, in 1895, be deemed to have intended to apply this provision to the new section incorporated into and made a part of the Penal Code by chapter 721 (*supra*)?

Our attention is called to the provisions of chapter 677, Laws of 1892, known as " the Statutory Construction Law." Section 1 is as follows : " This chapter shall be known as the statutory construc-tion law, and is applicable to every statute, unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." Section 31 of the same act provides that " the repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if. such repeal had not been effected."

The Legislature, therefore, by the act of 1892, laid down a rule of statutory construction applicable to all future statutes. The act

did not attempt to interfere in any manner with future legislation, but simply prescribed a rule of construction applicable when not inconsistent with the general object of the subsequent statute, or the context of the language construed or other provision of the repealing law indicating a different intent. I think the act of 1892 may be properly considered on the question of the intent of the Legislature of 1895 in amending section 41 of the Penal Code. The predecessor of that Legislature had, in 1892, enacted that the repeal of a statute should not affect the liability to punishment for a crime committed before the repealing act takes effect, but that such crimes might be punished as if the repeal had not been effected. The act of 1892 was not binding upon the Legislature of 1895. That Legislature could give any repealing act such force and effect as it desired. But in the absence of anything in the statute indicating a contrary intent, I think the Legislature in the amendatory act of 1895 should be deemed to have intended that statute to have the force and effect as provided in the rule adopted by it in 1892.

It was held in the *Matter of Howe* (48 Hun, 235 ; 112 N. Y. 100) that the act of 1828, which provides that a law passed by the Legislature, unless a different time is prescribed therein, shall take effect on and not before twenty days after its final passage, as certified by the Secretary of State, controls future legislation. In that case the act considered provided " after the passage of this act all property which shall pass by will," etc. The act was passed June 10, 1885. It was held that it did not take effect until June thirtieth. Had it not been for the statute of 1828, the act considered in the case cited would have taken effect on the date of its passage. (1 Kent's Com. 451, 454.)

The question in the case cited was as to the intent of the Legislature, in 1885, in enacting the law under consideration. It was held that the court would not presume an intent to change the rule adopted by the Legislature in 1828, unless the legislative intent to do so was expressed in unambiguous language.

The above authority shows that a Legislature may adopt a rule that will affect future legislation. So, I see no reason to doubt that it may provide as to when a repealing statute shall take effect, when such statute does not indicate a contrary intent. The Legislature in 1892 adopted a rule of construction yet in force. In 1895 it passed

a repealing statute. The question is as to the legislative intent. I think the Legislature must be deemed to have intended the act of 1895 to be subject to the rule of construction it had enacted in 1892.

The learned counsel for the respondents calls our attention to the remark of ALLEN, J., in *Mongeon* v. *The People* (*supra*), that the Legislature could not declare in advance the intent of subsequent Legislatures or the effect of subsequent legislation upon existing statutes. The remark quoted was entirely *obiter*. The court held in that case that the act of December 10, 1828, related solely to the acts repealed by it and the effect of the Revised Statutes then adopted upon the proceedings under the statute so repealed. In other words, that the language of the act of 1828 did not apply to the statute under consideration in that case. It was also held in *Wiles Laundering Co.* v. *Hahlo & Others* (105 N. Y. 234–245) that the provisions of the act of 1828 relate only to the acts repealed by that statute and have no effect on subsequent legislation. Hence, as the act of 1828 did not relate to the statute construed in the *Mongeon* case, the remark above referred to of the distinguished judge who delivered the opinion of the court above quoted merely expressed his opinion. An examination of the act of 1828 will show the distinction between that statute and the one under consideration. The act of 1892, by its terms, is made applicable to all future statutes.

It will be seen from the opinion of ANDREWS, J., in *Lazarus* v. *M. E. R. Co.* (145 N. Y. 581) that, while holding that the general rule prescribed in the "Statutory Construction Law" was not applicable to a law changing the practice in an action, he assumed that such rule in a proper case would operate upon legislation which would otherwise be retrospective.

I conclude, therefore (although with some doubt), that the Legislature, in enacting chapter 721 of the Laws of 1895 acted with reference to the act of 1892, in which it had laid down a rule for the construction of statutes, and cannot be deemed to have intended that the amendment of section 41 of the Penal Code should apply to offenses committed before the act took effect.

The judgments should be reversed and the demurrers overruled.

HERRICK, J., concurred; MAYHAM, P. J., concurred in result.

Judgments reversed and the demurrers overruled.