PEOPLE, Respondent, v. CUMAER, Appellant. (Supreme Court. General Term, Third Department. December 28, 1895.) Action by the people of the state of New York against Irving Cumaer. No opinion. Motion for reargument granted.

PEOPLE v. DONOVAN. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by the people against John J. Donovan. No opinion. Motion granted.

PEOPLE, Appellant, v. ENGLAND, Respondent. (Supreme Court, General Term, Third Department. December 28, 1895.) Action by the people of the state of New York against Oscar England. No opinion. Judgment reversed, and demurrer overruled on opinon in People v. Madill, 36 N. Y. Supp. 534.

PEOPLE v. HOSIER. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by the people against Henry Hosier. No opinion. Motion granted.

PEOPLE v. LANGERMAN. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by the people against Walter L. Langerman. No opinion. Motion granted.

PEOPLE v. MULLINS. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by the people against Dennis Mullins. No opinion. Motion denied.

PEOPLE, Respondent, v. NELSON, Appellant. (Supreme Court, General Term, Third Department. December 3, 1895.) Action by the people against George Nelson. No opinion. Judgment affirmed.

PEOPLE v. NOONEY. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by the people against William Nooney, John W. Lyon, for appellant. M. H. Hirschberg, for respondent.

DYKMAN, J. This is an appeal from an order made at the special term reducing the costs of the appellant in a former appeal from an order of the county court to the general term from a full bill of costs as on appeal from the judgment, and $10 costs of an appeal from an order. There is no doubt about the legality and propriety of the order, and it should be affirmed without an opinion.

PEOPLE, Respondent, v. VAN HOUTEN, Appellant. (Supreme Court, General Term, Second Department. December 2, 1895.) Edward C. Van Houten was convicted before a police justice of violating an ordinance of the village of Nyack. For decision of the court of sessions, see 35 N. Y. Supp. 186. G. Z. Snider, for appellant. Alonzo Wheeler and Richard S. Harvey, for the People.

PRATT, J. In this case, that the defendant was guilty of violating a village ordinance; that he was tried for the same, and fined a sum authorized by law for such violation,—is not disputed. There is no material question raised upon this appeal that is not answered by the opinion of the county judge, and the cases quoted by him therein. Whether we call the decision of the police justice a fine or a penalty is not material, or whether we call the offense for which he was tried a crime or a violation of a city ordinance is equally immaterial, as a police justice simply imposed what he had power to impose under the law and the village charter. We need go no further in point of time than the moment the defendant appeared for trial before the police court, as it is not material how he got there, as no objection was raised to the jurisdiction, but only that the offense with which he was charged was not a crime. The defendant well knew the ordinance under which he was charged, and, upon the facts, made no substantial defense. It seems plain that the legislature intended that villages should have the power to pass such an ordinance as now under consideration, and that the penalty might be imposed for its violation, and its collection enforced by imprisonment not exceeding 10 days in county jail, and the decision of the police court here under review was in accordance with such provisions. The request for a jury trial was properly overruled. No right of defendant was prejudiced, further than authorized by law. Judgment affirmed. All concur.

PEOPLE ex rel. ACKERMAN v. WELLES, Police Com'r. (Supreme Court, Appellate Division, Second Department. January 14, 1896.) Action by the people on the relation of Max Ackerman against Leonard R. Welles, as commissioner of police and executive of the police department of the city of Brooklyn. No opinion. The determination confirmed, without costs. All concur.