(33 App. Div. 259.)

VILLAGE OF CHAMPLAIN v. McCREA et al.

(Supreme Court, Appellate Division, Third Department. September 20, 1898.)

VILLAGES—WATER COMMISSIONERS—PETITION—SUFFICIENCY.
    A petition of the water commissioners in proceedings under Village Law 1897, § 223, requiring the filing of a map and plans in the village clerk's office, and a certified copy of the map in the county clerk's office, will be denied, where a map is filed in the county clerk's office, and a duplicate in the village clerk's office, but no plans are filed in any office.
    Landon, J., dissenting.

Appeal from special term.

Proceedings by the village of Champlain against Matilda McCrea and the First National Bank of Champlain, and by the same petitioner against Matilda McCrea and Emmett N. Fitch. From orders in favor of petitioner, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John P. Kellas, for appellants.
Wilmer H. Dunn, for respondent.

HERRICK, J. The petition of the water commissioners alleges that these proceedings are instituted "as provided by section 223 of the village law of 1897." That section provides for the filing of a map and plans in the office of the village clerk, and of a certified copy of the map in the county clerk's office of each county in which any of the lands are situated. The petition further sets forth that the water commissioners caused a map to be filed in the Clinton county clerk's office. There is no allegation anywhere that any map or plans were filed in the village clerk's office, and the proof upon the hearing failed to disclose the making or filing of plans in any office, but did disclose that a map and order were filed in the county clerk's office on the 2d day of July, and a duplicate of the map in the village clerk's office on the 7th day of July. We think that, for this omission to comply with the provisions of the statute, the proceedings are irregular, and the petition insufficient to give the court jurisdiction, and for these reasons the proceedings should be dismissed, with costs.

Order reversed, and proceedings dismissed, with costs.

Substantially the same questions are involved in the appeal from the order made in the case of the village of Champlain against Matilda McCrea and Emmett N. Fitch, and the order in that case should therefore also be reversed, and the proceedings dismissed. All concur, except LANDON, J., dissenting.

LANDON, J. (dissenting). At the time of the act taking effect July 1, 1897, the plaintiff had the right to file its map and order which

it had previously made, and thereby complete the steps preliminary to initiating this proceeding in court. Section 31 of the statutory construction act saved to the plaintiff all its existing rights, and therefore the right to file the map and order under the act of 1875. I therefore dissent.