(35 App. Div. 89.)

### McCREA v. VILLAGE OF CHAMPLAIN et al.

(Supreme Court, Appellate Division, Third Department.   November 29, 1898.)

1. CONDEMNATION OF LANDS FOR VILLAGE WATER PLANT—PROCEDURE—STATUTES.

Laws 1897, c. 414, prescribing a method for condemning lands for a village water plant, governs proceedings begun after it took effect by a village that had organized a system of waterworks under Laws 1875, c. 181, giving a village the right of condemnation in organizing a system of waterworks, and prescribing a procedure therefor, such procedure not being an accrued right, within Laws 1892, c. 677, § 31 ("Construction Act"), declaring that the repeal of a statute shall not affect accrued rights.

2. SAME—COMMENCEMENT OF PROCEEDINGS.

Condemnation proceedings are instituted when the maps showing the property intended to be appropriated are filed in the proper offices, and not when application is first made to the court.

3. SAME—JURISDICTION—MAP AND PLANS.

Under Laws 1897, c. 414, § 223, requiring village water commissioners, on establishing a village water plant, to prepare a map and plans of the plant, the lands to be appropriated therefor, and the sources of the water supply, and file the same with the village clerk and a copy thereof with the county clerk, the court acquires no jurisdiction of proceedings to appropriate lands therefor, where no plans are filed and where the map is filed with the county clerk alone.

Landon, J., dissenting.

Appeal from special term, Clinton county.

Action by Matilda McCrea against the village of Champlain and its board of water commissioners for an injunction restraining them from interfering with the water rights of the plaintiff, it being alleged that the defendants improperly prevented the flow and were taking certain waters of the Chazy river, which flowed past the plaintiff's premises, and was used by the plaintiff as a water power.   After the commencement of the action the defendants instituted condemnation proceedings to acquire the right to take the water, and in such proceedings interlocutory judgments were entered condemning such water rights by the water commissioners.   After the entry of such judgments, an amended answer was served upon plaintiff, by which such judgments were pleaded in bar of the plaintiff's action.   Upon the trial two judgments and judgment rolls in such proceedings were put in evidence; the first in a proceeding entitled "The Village of Champlain vs. Matilda McCrea and Emmett M. Fitch," and the second entitled "The Village of Champlain vs. Matilda McCrea and the First National Bank of Champlain."   In the first-entitled proceeding the petitioners in their petition alleged that, before entering upon any of the lands or use of the waters of the stream, they caused a survey and map to be made, with an order signed by them and attached thereto as required by law, and filed the same in the Clinton county clerk's office.   In the second proceeding the petitioners alleged that their proceedings were instituted as required by section 223 of the village law of 1897, and alleged the making of a survey and map, and the filing of the same in the Clinton county clerk's office.   Both proceedings were for the same general purpose, but to take differently described water rights, and the map and order appear to have been the same in each.   The map was introduced in evidence, and it appears that it was filed July 2, 1897.   These proceedings seem to have been regarded as a bar to the maintenance by the plaintiff of her action, and it was accordingly dismissed.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John P. Kellas, for appellant.

Wilmer H. Dunn, for respondent Village of Champlain.

Weed, Smith & Conway, for respondents Roberts, Graves, and Brassart, as water commissioners, etc.

HERRICK, J.   The necessary steps to organize a village system of waterworks were taken under chapter 181 of the Laws of 1875, and, although such act has since been repealed, still everything that has been done by the village prior to July 1, 1897, when chapter 414 of the Laws of 1897 took effect, is preserved to it by section 31 of the statutory construction act (Laws 1892, c. 677).   After organizing the water department, and determining upon the system, comes the acquisition of lands for the uses of the department.   They may be acquired by purchases or condemnation.   The condemnation proceedings are separate and distinct proceedings from those organizing the water department, and determining what system it will adopt, and whether it will purchase an existing private system or construct one of its own, and such condemnation proceedings are regulated by the laws in existence when they are instituted.   While the right to condemn lands and water rights which they had secured by their organization under the Laws of 1875 was secured and preserved by the statutory construction act, still that act did not give them any right in the method or procedure by which they should be condemned and taken.   Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240.   Condemnation proceedings, I think, may be said to be instituted, not when application is first made to the court, but when the maps and plans showing the water rights and lands intended to be acquired are filed in the proper office or offices.   In the case before us the proceedings to acquire the plaintiff's water rights were not instituted until after July 1, 1897, and at that time chapter 414 of the Laws of 1897 was in force. Section 223 of that act provides for the filing of a map and plans in the office of the village clerk, and a certified copy thereof in the county clerk's office.   It does not appear from the petition referred to that any plans were prepared or filed, and the map was filed in the county clerk's office, July 2, 1897, and not in the village clerk's office.   In the case of Village of Champlain v. McCrea (decided at the September term of this court) 53 N. Y. Supp. 1096, we held these defects to be fatal, and set aside the orders and interlocutory judgments entered in such proceedings, upon the ground that the court did not acquire jurisdiction.   We refer to the memorandum then handed down as a sufficient statement for our reasons for so holding.   The judgments pleaded in bar, herein referred to, were open to attack for lack of jurisdiction in the court rendering them.   The court never having acquired jurisdiction, the judgments are void, and constitute no bar to plaintiff's action, and for that reason the judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur, except LANDON, J., dissenting.