## In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. CONDEMNATION PROCEEDINGS—DISCONTINUANCE.

Under Greater New York Charter, § 1000, authorizing the board of public improvements to discontinue street or park opening proceedings any time before the municipality acquires title to the land, proceedings instituted by the board of street opening and improvement under prior charter provisions may be discontinued by the former board without payment of costs and counsel fees to interested landowners.

2. SAME—COSTS.

After discontinuance of condemnation proceedings for opening a park, the affidavit of an attorney who had appeared before the commissioners of estimate for interested property owners, which does not state that any of his clients desire the proceedings continued, is, in the absence of any excuse for not being made by the clients, insufficient to justify an order imposing costs as a condition precedent to a discontinuance.

Appeal from special term.

Proceedings by the mayor, aldermen, and commonalty of the city of New York for laying out a park. After discontinuance thereof by petitioner's successor, an order was made requiring the payment of costs as a condition precedent, and the city of New York appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

J. A. Flannery, for respondents.

McLAUGHLIN, J. On the 22d of May, 1896, proceedings were instituted under the statute (chapter 320, Laws 1887) by a resolution of the board of street opening and improvement, to establish a public park in the city of New York, and to acquire by condemnation proceedings the land required. In accordance with the resolution, condemnation proceedings were thereafter instituted, and commissioners of estimate appointed. The commissioners entered upon the discharge of their duties, gave the requisite notice to the owners of the land proposed to be taken, held numerous meetings, and took much testimony, both as to the title and value of the land. While the proceeding was thus pending before the commissioners, and before they had finished taking testimony as to value, a resolution was duly adopted by the board of public improvements, revoking, rescinding, and annulling the resolution above referred to, and abandoning all proceedings taken thereunder. The special counsel for the corporation thereafter appeared before the commissioners, presented a copy of this resolution, and made this statement to them: "I am instructed by the corporation counsel to abandon the proceeding, declare it ended, and take no further action," and thereupon the commissioners adjourned, subject to the call of the chairman. Some time thereafter one of the attorneys who had appeared for and represented 21 different landowners at the hearings held by the commissioners obtained an order to show cause why the commissioners should not proceed with the matter committed to them under the order appointing them, or, in the alternative, why the proceeding should not be dismissed, with costs and disbursements, as in an action, to each of said landowners. On the return of the order to show cause the court directed that the proceeding "as to each of the persons herein named be, and the same hereby is, discontinued, and that the petition of the mayor, aldermen, and commonalty of the city of New York be, and the same hereby is, dismissed, with costs as in an action," together with necessary disbursements and reasonable counsel fee; the amount of such disbursements and counsel fee to be determined by a referee. From the order thus made this appeal is taken.

We have been unable to find, and our attention has not been called to, any statute or authority which justified the court in making the order which it did. The power formerly vested in the board of street opening and improvement is now vested in the

board of public improvements (Laws 1897, c. 378, § 426).    The board of public improvements, by the same act (the charter of the city of New York), has the power to acquire, for the use of the public, title to land required for parks, streets, etc. (section 415), and by section 1000 of the same act it is specifically "authorized and empowered to discontinue any and all legal proceedings taken for opening    *    *    *    streets or parks or any part thereof at any time before title to the lands and premises to be thereby acquired shall have vested in the city of New York, if in its opinion the public interests require such discontinuance."    At the time the resolution was passed by the board of public improvements abandoning the proceeding, the title to the land had not become vested in the city.    The commissioners had not then made a report, but were actually engaged in taking testimony for the purpose of determining the value of the land to be acquired.    Therefore the board of public improvements, acting under the section last referred to, had the power to discontinue the proceeding; and, having exercised that power, it is difficult to see how landowners or the court acting upon their application could compel the city to proceed, or, in default, pay costs as in an action, including disbursements and counsel fees.    But it is contended on the part of the respondent that section 1000 of the act referred to does not apply to this application, inasmuch as the proceeding to establish the park was instituted before that section was enacted; in other words, that, the power not having been expressly given to the board of street opening and improvement to discontinue by the statute under which the proceeding was originated, the legislature could not thereafter confer such power upon its successor in respect to proceedings pending; that to do so would, in effect, deprive one of an existing right.    This contention is without force.    Section 1000 of the statute, so far as its provisions now under consideration are concerned, relates merely to the method of procedure; and it is well settled that the legislature has the power to change procedure, even though it affects actions or proceedings pending.    Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240.    The proceeding, therefore, at the time the order appealed from was made, had been discontinued.    It was dead, and it could not thereafter be resurrected or brought back to life by the persons whose land would have been taken if the proceeding had been continued, or by the court acting on their application.

We are also of the opinion that the order must be reversed for another reason.    An examination of the record discloses the fact that the order was based solely upon an affidavit made by one of the attorneys who appeared for and represented before the commissioners of estimate 21 different landowners.    There is not a suggestion in this affidavit, or any reason given, why it is made by the attorney instead of the clients.    Indeed, not a fact is stated from which the court can see, or even infer, that any of the persons represented by the attorney desire the proceeding continued, or would sustain any damage by reason of its discontinuance.    Upon such

an affidavit we do not think the court was justified in making the
order which it did.

The order should be reversed, with $10 costs and disbursements.

VAN BRUNT, P. J., and INGRAHAM, J., concur. PATTER-
SON and O'BRIEN, JJ., concur in second ground of opinion.