THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ZENAS JACKSON, Defendant.

(Supreme Court, Chenango Trial Term, November, 1901.)

Statute — The saving clause of the Statutory Construction Law (L. 1892, ch. 677, § 31) applies to future legislation — Penalty — As to repeal of L. 1898, ch. 491.

The provisions of the Statutory Construction Law, declaring that the repeal of a statute shall not affect a penalty incurred prior to the

time the repeal takes effect but that the same may be inflicted as fully as if such repeal had not been effected, apply to future legislation, and, therefore, where a person has incurred a penalty under L. 1898, ch. 491, § 71, relative to slaughtering calves for food, he is liable, whether or not that statute was repealed by L. 1901, ch. 321, before the action to recover the penalty was begun.

THE right of action to recover a penalty for the violation of section 71 of chapter 491, Laws of 1898, constituting a part of the Agricultural Law, is preserved by section 31 of the Statutory Construction Law, assuming that chapter 491, Laws of 1898, was repealed by chapter 321, Laws of 1901, prior to the commencement of the action for the recovery of the penalty, which is matter of doubt.

Motion by defendant for a new trial upon the minutes.

James H. Throop (A. F. Gladding, of counsel), for plaintiff.

D. B. Cushman, for defendant.

LYON, J.   This action was commenced April 13, 1901. Its object was the recovery of a penalty for the alleged violation by defendant, in November, 1900, of section 71 of the Agricultural Law, providing that " No person shall slaughter, for the purpose of selling the same for food   *   *   *   any calf   *   *   *   unless it is in good, healthy condition, and was at least four weeks of age at the time of the killing."

Upon the trial, the defendant moved for a dismissal of the complaint, upon the ground that the section of the Agricultural Law above referred to was repealed April 11, 1901, two days before the commencement of this action.   The motion was denied and exception duly taken.   The jury rendered a verdict against the defendant, who now moves for a new trial upon the minutes.

Assuming that section 71, added to the Agricultural Law by chapter 491 of the Laws of 1898, was repealed by chapter 321, Laws of 1901, as contended by the defendant, which, however, is not conceded by plaintiff, and may properly be regarded a matter of doubt, still, I think the fact that the offense complained of was committed while section 71 was concededly in force, justifies the denial of the motion for the dismissal of the complaint.

The Statutory Construction Law (Laws of 1892, chap. 677) is, by section 1 of that act, made applicable to every statute, unless otherwise indicated. The act is general in its character, and applies to all future legislation. People ex rel. City of Buffalo v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 570.

Section 31 of this act provides that " The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected."

This language seems to preserve the plaintiff's right of action. The remark at the close of the opinion in Mongeon v. People, 55 N. Y. 613, that the Legislature cannot declare, in advance, the intent of subsequent Legislatures, or the effect of subsequent legislation upon existing statutes, has been declared *obiter*. People v. England, 91 Hun, 152. And it has been repeatedly held that the provisions of section 31 of the Statutory Construction Law apply to future legislation. People ex rel. City of Buffalo v. N. Y. C. & H. R. R. R. Co., *supra;* Close v. Potter, 155 N. Y. 145; Stone v. Supervisors of Broome County, 166 id. 85; People v. England, *supra;* McCann v. City of New York, 52 App. Div. 358.

While defendant's counsel practically concedes that section 31 of the Statutory Construction Act preserved contract rights, he claims that it does not preserve the right to recover a penalty. Of the cases cited by him in support of his contention, all but two, Westchester County v. Dressner, 23 App. Div. 215, and People v. Cleary, 13 Misc. Rep. 546, related to causes of action accruing prior to the passage of the Statutory Construction Law.

Of these two cases, the former is directly in point, and holds that a right of action to recover a penalty for the violation of the Public Health Law was taken away by the change of the statute, amounting to a repeal so far as the cause of action was concerned, subsequent to the commission of the offense and the commencement of the action, saying that " the repeal of a penal statute without any saving clause, takes away all right to proceed thereunder for the recovery of a penalty, even if the repeal does not take effect until after verdict." The amending statute con-

tained no saving clause, and the attention of the court does not seem to have been called to the saving clause in the Statutory Construction Law. The later decision cited by defendant's counsel allowed a demurrer to an indictment, and the holding of the court, to the effect that section 31 of the Statutory Construction Law relates solely to the acts repealed by said act, and has no application to subsequent legislation, was based upon the *dictum* in Mongeon v. People, *supra.*

There seems to be nothing in the language of the Statutory Construction Law justifying the distinction claimed by defendant's counsel between actions brought upon contract and actions brought to recover penalties, and, in fact, as above noted, section 31 of the act expressly provides that the repeal of a statute shall not affect or impair any liability or penalty incurred prior to the time such repeal takes effect, but that the same may be enforced or prosecuted as fully and to the same extent as if such repeal had not been effected; and section 1 of the law makes the act applicable to every statute, unless it is indicated that a different meaning or application was intended.

The cases are numerous to the effect that a saving clause in a repealing act operates to preserve the right to prosecute for offenses committed prior to the passage of the repealing act.

In People v. Maxwell, 83 Hun, 157, the court holds, Cullen, J., writing the opinion, that the Legislature may, by a saving clause, preserve the right to prosecute by indictment offenses committed while the repealed statute was in force, and it is, perhaps, worthy of note that the saving clause under consideration was in substantially the same language as the saving clause of the Statutory Construction Law.

In Mongeon v. People, *supra,* which was an appeal from a judgment confirming a judgment of conviction, it was held that the Legislature had the power to pass a statute applicable only to the future, and that such statute will not be held to have repealed the prior statute or to have given immunity to past offenders.

It is difficult to say why the same effect should not be given to the saving clause of an act applicable to all future legislation, as is given to the saving clause of a particular repealing statute. The Legislature had the power to insert a saving clause in the amendatory act in question, and, having failed to indicate an intention contrary to the express provision of the Statutory Construc-

tion Law, knowing the existence and effect of such act, must be held to have intended that the right to prosecute for a penalty theretofore incurred should be preserved.

In People v. England, 91 Hun, 152, an appeal from an order sustaining indictments found under section 41 of the Penal Code, and heretofore cited, the court held that, in the absence of anything in the repealing statute indicating a contrary intent, the Legislature must be deemed to have intended that the right to prosecute for offenses committed prior to the passage of the repealing act, should be preserved by section 31 of the Statutory Construction Law.

It has been repeatedly held that section 13 of the Revised Statutes of the United States, providing that " The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability," operates to preserve the right to prosecute and convict by indictment a person guilty of an act in violation of the repealed statute, committed during the time such statute was in force. United States v. Reisinger, 128 U. S. 398; United States v. Barr, 4 Sawyer, 254; United States v. Keokuk & H. Bridge Co., 45 Fed. Rep. 178.

The decisions of other States under statutes similar to the Statutory Construction Law, are to the effect that a permanent saving clause in the general body of the law operates, as to later legislation, to preserve the right to prosecute for penalties and criminal offenses, and is as efficient for that purpose as a special clause expressly inserted in the particular statute. People v. McNulty, 93 Cal. 427; State ex rel. Barton Co. v. Kansas City F. & S. & G. R. Co., 32 Fed. Rep. 722; State v. Boyle, 10 Kans. 113; Commonwealth v. Desmond, 123 Mass. 407; Commonwealth v. Sullivan, 150 id. 315.

The motion for a new trial must be denied, with ten dollars costs.

Motion denied, with ten dollars costs.