HUGH K. PEACE, Respondent, *v.* JAMES G. WILSON et al., Appellants.

1. JUDGMENTS — ACTIONS ON JUDGMENTS FOR MONEY BETWEEN ORIGINAL PARTIES TO THE JUDGMENT — EFFECT OF STATUTE (L. 1896, CH. 568) AMENDING SECTION 1913 OF CODE OF CIVIL PROCEDURE.   The statute (L. 1896, ch. 568), which added to section 1913 of the Code of Civil Procedure, relating to actions upon judgments for a sum of money, between the original parties, a provision that such an action can be maintained

when " ten years have elapsed since the docketing of such judgment," is retroactive in its application although it contains no affirmative declaration to that effect; and, hence, an action, commenced September 20, 1901, upon a judgment docketed November 3, 1881, may be maintained by the original plaintiffs against the original defendants without alleging compliance with either of the other requirements of section 1913.

2. New York (City of) — Marine Court — Change in Name. The statute (L. 1883, ch. 26) providing that on and after the 1st day of July 1883, the Marine Court of the city of New York, established as a court of record in 1876, should be designated as the City Court of New York, merely changed the name of the court and had no effect upon proceedings past or pending; and a judgment obtained in the Marine Court and docketed in New York county on the 3d day of November, 1881, is not the judgment of an "extinct court," but may be enforced like any other judgment of a court of record.

*Peace* v. *Wilson*, 110 App. Div. 887, affirmed.

(Argued October 23, 1906; decided November 20, 1906.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 16, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Edward Souther* for appellants. Subdivision 1 of section 1913 of the Code of Civil Procedure could not operate retroactively, and, therefore, did not affect judgments of extinct courts of record. (*Ely* v. *Holton*, 15 N. Y. 595; *Matter of Prime*, 136 N. Y. 347; *Matter of Warde*, 154 N. Y. 342.)

*William M. Bennett* and *Victor K. McElheny, Jr.*, for respondent. Section 1913 relates only to the remedy, and, therefore, applies to all actions brought after September 1, 1896. (*Matter of Davis*, 149 N. Y. 539; *Lazarus* v. *M. El. Ry. Co.*, 145 N. Y. 581; *McCrea* v. *Village of Champlain*, 35 App. Div. 89; *Matter of Palmer*, 40 N. Y. 561; *Dickerson* v. *Cook*, 16 Barb. 509; *Rouge* v. *Rouge*, 15 Misc. Rep. 36; *Matter of Palmer*, 40 N. Y. 561; *Finch* v. *Carpenter*, 5 Abb. Pr. 225.)

Edward T. Bartlett, J.   This is an action upon a judgment recovered in the Marine Court of the city of New York on November 3rd, 1881, by the present plaintiff, Hugh K. Peace, and William K. Peace as partners.   The judgment was docketed in the office of the clerk of the city and county of New York the same day it was recovered.   William K. Peace died February 26th, 1898.   The plaintiff, Hugh K. Peace, is the owner of the judgment sued upon as surviving partner, as residuary legatee under the will of William K. Peace and as assignee of the executors under said will.

The present action was begun September 20th, 1901, less than twenty years having elapsed since the recovery of the original judgment.

The appellants make two principal points on this appeal : (1) That the action is between the original parties to the judgment sued upon ; (2) that the plaintiff has not brought himself within the provisions of section 1913 of the Code of Civil Procedure regulating actions upon judgments.

We assume for the purposes of this case, without deciding the question, that this action is between the original parties, and governed by section 1913 of the Code.   Prior to the year 1896 this section provided that no action could be maintained upon a judgment for a sum of money between the same parties unless, either (1) it was rendered against the defendant by default for want of an appearance or pleading and the summons was served upon him otherwise than personally ; or (2) the court in which the action is brought had previously made an order granting leave to bring it.

The Laws of 1896 (Chap. 568) amended section 1913 by inserting the additional provision that " ten years have elapsed since the docketing of such judgment."   As this section now reads either one of three conditions must exist in order to bring an action upon a judgment between the same parties, viz. : (1) Ten years have elapsed since docketing judgment ; (2) judgment by default, as already pointed out ; (3) order of court in which action is brought granting leave.

The plaintiff in this action relies upon the fact that ten

years have elapsed since the docketing of the judgment sued upon.

The defendants insist that the amendment of 1896 had no retroactive effect, and, therefore, did not apply to the judgment sued upon, recovered in November, 1881.

It is the settled law that statutes relating to procedure are retroactive and prospective in their application without affirmative provisions to that effect.

*Matter of Palmer* (40 N. Y. 561) involved the enactment that "no appeal to the Court of Appeals shall be had or heard hereafter from any order or judgment in any proceeding under chapter 388 of the Laws of 1858." It was held to be retroactive in its effect, and applied to appeals then pending in the Court of Appeals from the orders mentioned in such amendment.

In *Southwick* v. *Southwick* (49 N. Y. 510, 517) FOLGER, J., said : "It cannot be successfully contended, as a general rule, that an act which applies only to the forms of procedure, and modes for attaining or defending rights, cannot be availed of in an action pending when it took effect. (*Neass* v. *Mercer*, 15 Barb. 318 ; *People* v. *Mitchell*, 45 Barb. 208.)"

In *Lazarus* v. *Metr. E. R. Co.* (145 N. Y. 581, 585) ANDREWS, Ch. J., wrote : "It is well settled that the legislature may change the practice of the court and that the change will affect pending actions in the absence of words of exclusion."

In *Matter of Davis* (149 N. Y. 539, 545) MARTIN, J., states : "It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights is applicable to proceedings pending or subsequently commenced." (See, also, *Finch* v. *Carpenter*, 5 Abb. Pr. 225 ; *McCrea* v. *Village of Champlain*, 35 App. Div. 89.) It, therefore, follows that the ten years' provision of section 1913 of the Code is applicable to the judgment sued upon and this action is maintainable.

The counsel for appellants raises the additional point that the Marine Court of the city of New York is an " extinct

court" and, therefore, the present action cannot be maintained. In 1876 the Marine Court of the city of New York was made a court of record, and by the Laws of 1883 (Chap. 26) there was enacted "An act to change the name of the Marine Court of the city of New York to the City Court of New York," and it was therein provided that on and after the first day of July, 1883, the Marine Court of the city of New York should be designated as the City Court of New York. It was a mere change in the name of the court and had no effect upon proceedings past or pending.

The judgment appealed from should be affirmed, with costs.

Cullen, Ch. J., Werner, Willard Bartlett, Hiscock and Chase, JJ., concur; Gray, J., absent.

Judgment affirmed.