Edward S. Conway, J.
This is a motion by plaintiffs, two nonprofit hospitals in New York State, for an order permitting this action to be maintained as a class action, defining the class as all nonprofit hospitals in the State of New York, including hospitals owned and/or operated by the State or local governments, pursuant to CPLR 902. Plaintiffs, Long Island College Hospital and Genesee Hospital of Rochester, commenced an action on June 13, 1975 against the Commissioner of the Department of Health of the State of New York. The action challenged a decision of the said commissioner that hospitals may no longer be reimbursed by Medicaid or Blue Cross for litigation expenses they incur in the course of their operations. Plaintiffs in said action are seeking declaratory and injunctive relief. Both of the plaintiffs herein are nonprofit hospitals deriving most of their revenue not directly from patients, but rather from third parties such as Medicare, Medicaid and Blue Cross which reimburse thém for their costs.
Plaintiffs are now moving pursuant to CPLR 902 asking this court to allow the said action to be maintained as a class action contending that they have communicated with officials of other nonprofit hospitals in the State and determined that their hospitals are affected by the commissioner’s said decision in the same way as plaintiffs’ hospitals are affected, and that their interests are identical and not antagonistic in any way to the interests of plaintiffs. They further contend that all of the prerequisites to the maintenance of a class action pursuant to CPLR 902 have been satisfied.
*639 Defendant, in opposing the motion, contends that as the action was pending prior to September 1, 1975, before the effective date of CPLR 902, it should not be maintained as a class action because the statute did not exist when the action was commenced, and further that the motion was untimely made since it was made more than 60 days after the time to serve a responsive pleading had expired.
The court cannot agree with these contentions of the defendant. Procedural changes are, in the absence of words of exclusion, deemed applicable to subsequent proceedings in pending actions (Simonson v International Bank, 14 NY2d 281, 284; Lazarus v Metropolitan El. Ry. Co., 145 NY 581, 585). The Court of Appeals, in writing in Lazarus (supra, pp 585-586) said: "It is well settled that the legislature may change the practice of the court and that the change will affect pending actions in the absence of words of exclusion * * * [I]t would be a very inconvenient rule, tending to great confusion, if a rule of practice existing when an action is commenced attaches itself to the substance of the right in litigation so that it could not be changed, or that a law changing procedure should be held inapplicable to subsequent proceedings in pending actions * * * [A party] prosecutes his action subject to the power of the legislature in matters of practice to abrogate rules existing when his action was brought, or make additional rules, and all subsequent proceedings will be governed thereby * * * [A] law changing procedure applies thereafter as well to actions pending and undetermined when the law was passed as to actions subsequently commenced, unless the former are specially excepted.”
Further, the class that plaintiffs seek to represent consists of the 382 nonprofit hospitals located in New York State, and each of these hospitals receives reimbursement from the State and Blue Cross and is directly affected by the commissioner’s new decision concerning nonreimbursement of litigation expenses. All of the prerequisites of CPLR 902 (subds 1, 2, 3, 4, 5) are satisfied by the plaintiffs herein.
Matter of Jones v Berman (37 NY2d 42), cited by defendant, was decided June 9, 1975 and does not apply to the current action, as the effective date of that legislation antedated said case.
In view of the foregoing, the motion of plaintiffs is granted.