## In re GROSSBERG.

(District Court, S. D. Florida. February 8, 1926.)

No. 2893.

**1. Courts ⬤➡96(1).**

Decision of Circuit Court of Appeals binds lower courts of circuit, until reversed by that court or Supreme Court.

**2. Courts ⬤➡96(1)—Decision of Circuit Court of Appeals, contrary to that of another such court, not binding on courts of latter's circuit.**

Courts of Fifth circuit are not bound by decision of Circuit Court of Appeals of another circuit contrary to that of Circuit Court of Appeals of Fifth Circuit.

**3. Bankruptcy ⬤➡413(3).**

Specifications of objection to bankrupt's discharge, sworn to by attorney on information and belief, held not properly verified.

**4. Bankruptcy ⬤➡413(3)—Specifications of objection sworn to positively by attorney held sufficiently verified; absence of statement of authority being amendable.**

Specifications of objection to bankrupt's discharge, sworn to positively by attorney, held sufficiently verified; absence of statement that he was authorized to make oath being amendable on application.

**5. Bankruptcy ⬤➡413(3)—Specifications of objection to discharge that bankrupt failed to keep books of account, removed and concealed property to defraud creditors, and made false written financial statement to obtain credit, held sufficient (Bankruptcy Act, § 14 [Comp. St. § 9598]).**

Specifications of objection to bankrupt's discharge that he failed to keep books of account showing his financial condition, with intent to conceal such condition, transferred, removed, and concealed certain property, with intent to hinder, delay and defraud creditors, and made materially false written statement of total liabilities and assets for purpose of obtaining credit, held sufficient under Bankruptcy Act, § 14 (Comp. St. § 9598).

**6. Bankruptcy ⬤➡413(4)—Specifications of objection held too indefinite to warrant denial of discharge.**

Specifications of objection to bankrupt's discharge that he conveyed merchandise to others' storehouses before bankruptcy, without showing credit or charge therefor, or disclosing amount and location thereof, and did not show whereabouts of money or merchandise not disclosed in schedule, held too indefinite to warrant denial of discharge.

**7. Bankruptcy ⬤➡413(4)—Specifications of objection, alleging concealment of realty without describing it, were stricken for lack of diligence in not applying to court to amend them.**

Specifications of objection to bankrupt's discharge, alleging attempt to conceal valuable realty in name of minor son, without describing it, but stating that information had recently come to objectors' knowledge, were stricken for lack of diligence in not applying to court to amend specifications by naming and describing property.

**8. Bankruptcy ⬤➡413(3).**

Attorneys of absent creditors may sign specifications of objection to bankrupt's discharge in name of principals.

In Bankruptcy. In the matter of Lazar Grossberg, bankrupt. On bankrupt's motions to strike specifications of objection to discharge. Motions granted conditionally as to two objecting creditors, and absolutely as to others.

Cobb, Bright & Cobb, and Herbert U. Feibelman, all of Miami, Fla., for objecting creditors.

J. Lancelot Lester, of Key West, Fla., and McCaskill, Taylor & McCaskill, of Miami, Fla., for bankrupt.

CALL, District Judge. On May 8, 1925, the bankrupt filed his voluntary petition in bankruptcy, and was duly adjudicated. On August 24, 1925, he duly filed his petition for discharge and notice duly advertised of the hearing thereon October 31, 1925. October 28th appearances were entered by Varsity Underwear Company and S. Neuberger & Sons, and on November 9th said two firms moved for additional time to file specifications of objection to the discharge, which motion was on said day granted, giving 10 days additional. On November 10th specifications of objection were filed: (1) That the bankrupt failed to keep "complete" books of account from which his financial condition might be ascertained, alleging the intent. (2) That within the four months, with intent to hinder, delay, and defraud his creditors, he "transferred, removed, and concealed," and permitted same, certain property, "to wit the sum of $10,000, more or less." (3) That about the 30th of October, 1924, for the purpose of obtaining credit, he made his statement in writing to S. Neuberger & Sons, which was materially false, in the amount of total liabilities, amount of assets.

These specifications were signed by the objecting creditors by their attorney, and sworn to by said attorney on information and belief. A motion was made to strike these specifications of objection by the bankrupt on various grounds, because not properly verified; because the same are vague, indefinite, and uncertain.

On October 26th Endicott Johnson Corporation, Nirenberg & Salzman, Rice Stix Drygoods Company, and Brown Shoe Company filed specifications of objection as follows:

(1) That bankrupt knowingly and fraudulently failed to make a full and fair disclosure of his assets in his schedule in following particulars: (A) That prior to bankruptcy the bankrupt conveyed, and caused to be conveyed, to the storehouse of Julius Mendell, from his stock, merchandise, and did not show a credit or charge for same. (B) Also conveyed, or caused to be conveyed, from his stock of goods certain merchandise to the storehouse of William Mendell without showing a proper charge against Mendell or disclosing in his schedule the amount and location of said merchandise.

(2) That the schedule shows that $28,178.29 in either money or merchandise is not disclosed by the bankrupt, his books, or schedules, the record showing that he accumulated "$64,070.22 in either merchandise or money borrowed from the Mendells and the bank and the stock on hand, bills receivable, and all expenditures shown by him only total $35,891.93, the whereabouts of the undisclosed portion not being shown."

There specifications are signed by the attorneys of the objecting creditors. These specifications are sworn to by one of the attorneys of the objecting creditors in positive terms, showing also the residence of such creditors is not in this jurisdiction. Motion to strike same was made by the bankrupt on the same grounds as above set forth.

The day following the filing of the above last-mentioned specifications the same attorneys filed for F. B. Heath Company and L. Shapiro Company specifications adopting the last above-mentioned specifications, and proceeding as follows: "The objectors further show that the above bankrupt is attempting to conceal valuable real estate in the name of his four year old son, and is concealing other property from this honorable court; that this information has recently come to the objectors, and they are unable to furnish details of description, and pray leave to amend when further details are learned." This paper is signed by attorneys only, and sworn to by one of them. Motion was made to strike these specifications on the same grounds as in the other motions and some others in addition.

All the motions were submitted on briefs at one hearing.

Section 14 of the Bankruptcy Act (Comp. St. § 9598) provides for the discharge of the bankrupt, unless: (1) He has committed an offense punishable by imprisonment, as provided in the act; or (2) with intent to conceal his financial condition, failed to keep books of accounts or records from which such condition might be ascertained; or (3) obtained property on credit upon a materially false statement in writing; or (4) within four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed or permitted the same, any of his property, with intent to hinder, delay, or defraud his creditors. Grounds (1), (5), and (6) are not involved in this case.

Taking up the motion to strike these specifications because not properly verified, it will be seen that as to the specifications of objection filed by Varsity Underwear Company and S. Neuberger & Sons, the attorney

swore to them on information and belief. The specifications of objection filed by Endicott Johnson Corporation, Nirenberg & Salzman, Rice Stix Dry Goods Company, Brown Shoe Company, and F. B. Heath Company, and L. Shapiro & Co. are sworn to by one of their attorneys in positive terms, at the same time showing why this was done.

[1, 2] As I understand the decision in In re Brown, 112 F. 49, 50 C. C. A. 118, the Circuit Court of Appeals for this circuit held that specifications of objection to a bankrupt's petition for discharge are pleadings, and must be sworn to in positive terms, and this decision is binding upon the lower courts of this circuit until reversed by that court or the Supreme Court. It is true that the Circuit Court of Appeals of the First Circuit, in Koch et al. v. Blumenthal & Co., 3 F.(2d) 395, took a contrary view, but the courts of this circuit are not bound by it.

[3, 4] The specifications of objection filed by Varsity Underwear Company and S. Neuberger & Sons have not been verified as required. I am of opinion that as to the specifications of objection filed by the other creditors they are sufficiently verified, although it would have been better practice, it seemed to me, had the attorney gone further and included in his affidavit the statement that he was "authorized to make the oath." However, as I understand the law, the defect is amendable, and the court, upon application, would allow the objecting creditor to amend. This being so, it is necessary to examine the specifications of objection to ascertain whether they state such an objection as will defeat the discharge of the bankrupt.

[5] Taking up the specifications of objection of Varsity Underwear Company and S. Neuberger & Sons, the first specification, it seems to me, is sufficient, although I am at a loss to know why the pleader inserted the word "complete." The same may be said of the second and third specifications of objection.

The order, therefore, on the motion of the bankrupt will be to grant the motion, unless the objecting creditors, within 10 days from the date hereof, amend the affidavit to said specifications of objection.

[6] Taking up the specifications of objection filed by Endicott Johnson Corporation, Nirenberg & Salzman, Rice Stix Dry Goods Company, and Brown Shoe Company, I am of the opinion that these do not state any ground for denying the bankrupt's petition. As I understand the law, specifications of objection to a discharge must be so specific as to inform the bankrupt of the charge he is to meet. The motion to strike these specifications of objection will be granted.

[7] The specifications of objection filed by F. B. Heath Company and L. Shapiro & Co., after adopting the specifications of Endicott Johnson Corporation et al., proceed that the bankrupt is attempting to conceal valuable real estate in the name of his four year old son and other property, without any description of the property. It is then attempted to excuse this by alleging that this information had recently come to their knowledge. Now these specifications were filed October 27, 1925, and yet no application has been made to the court to amend said specification by giving names and description of property. The object of the act is that a bankrupt, if entitled to a discharge, may have it and commence anew. Diligence should be exercised by objecting creditors. This is not apparent in this case, and any leave to amend said specifications will be denied.

The motion to strike the specifications of objection will be granted.

[8] I am of opinion, after a fuller investigation, that the attorneys of absent creditors may sign the specifications of objection in the name of their principals.