**UNITED WALL PAPER FACTORIES, Inc.,**
**v. HODGES et al.**
**No. 342.**

Circuit Court of Appeals, Second Circuit.
April 2, 1934.

William Huck, Jr., of New York City (Benjamin Slade, Joseph A. Clossick, and Paul P. McDermott, all of New York City, of counsel), for appellant.

Frederick C. Hesselmeyer, of New Haven, Conn., for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The bankrupts, partners, having been adjudicated on March 1, 1933, applied for their discharge on the eighteenth of April by filing with the District Court three petitions, one for the firm, and one for each partner individually. The clerk referred these to the proper referee under a local rule in Connecticut. In obedience to that rule the referee on April 21, 1933, gave notice by mail to all creditors that on May 22, 1933, at his office the bankrupts would be examined, and creditors must show cause why their discharges should not be granted. On that day several objecting creditors appeared in opposition, but did not file their specifications until the thirty-first. The Supreme Court had amended General Order 32 on April 17, 1933, effective April 24, 1933 (11 USCA § 53), so as to require all creditors on the return day not only to enter their appearances, but to file specifications of objection. Before this the order had allowed them ten days to file specifications after appearing on the return day, and had further provided that this period might be shortened or lengthened by the bankruptcy court. A local rule of the District of Connecticut, following this earlier form, gave them the same period. Official Form No. 57 (11 USCA § 53) provides that the "order of notice," fixing the time and place of the creditors' meeting upon a discharge, shall be tested by the judge and signed by the clerk, who shall send out the notices to creditors.

■ On June 1, 1933, the bankrupts learning of the creditors' default under the General Order as amended, moved to dismiss their specifications. The creditors replied with a motion for leave to file nunc pro tunc; they alleged that the referee had assured them that they had ten days in which to file; that they had also relied upon the local rule; and that they had not been aware of the change in the General Order until the bankrupts brought it to their notice. The referee granted their motion, but on review the judge reversed him and struck out the specifications. There being then on file no opposition to the discharges, they were granted. The appellant, alone of all the objecting creditors, appeals from both orders. The appeal from the order striking out the specifications, being from an order in "bankruptcy proceedings" must be dismissed, no leave having been obtained under section 24b of the act (11 USCA § 47 (b); but the appeal from the discharges required no leave, section 25a (2) of the act, 11 USCA § 48 (a) (2), and as the order striking out the specifications was a necessary step to the discharge itself, it may be reviewed at the same time, proper assignments having been laid to challenge its validity. The appellant raises three points. (1) The whole proceedings were non coram judice because there was no "order of notice," as required by Form 57, and because the clerk should have sent out the notices, the local rule to the contrary being void. (2) The amended General Order did not apply to pending proceedings. (3) The judge in any case had power to relieve the creditor from its default, and should have done so under the circumstances.

■ It is true that the official form requires the clerk to sign an "order of notice," and apparently to send out the notices to creditors. If intended to forbid the referee to send them out, it is of doubtful validity, because section 58c of the act (11 USCA § 94 (c)) imposes that duty upon him. It must not be construed to go so far, but at most to provide that the clerk as well may do so. There remains merely the formal question, whether the clerk must enter the order fixing the time and place in the judge's name, or whether a local rule, itself an order, may not delegate that duty to the referee. General Order 12 (3), as amended (11 USCA § 53), gives power to the judge to refer the application for hearing and report to the referee, who must of course be free in general to adjourn the meeting before him for purposes of convenience. Thus the issue can at most touch only the first date, and it would be mere pedantry to hold that the irregularity, if it be one, went to the judge's jurisdiction over the whole proceedings. Nothing else will serve here, for the creditors appeared and filed their specifications without raising the question. Danciger v. Smith, 36 F.(2d) 345 (C. C. A. 5), is directly in point, and plainly right.

■ There can be no doubt that the amendment applied to pending cases; it was a mere change in procedure, of far less consequence than the amendments held to apply presently in Lockhart v. Edel, 23 F.(2d) 912 (C. C. A. 4); Royal Indemnity Co. v. Cooper, 26 F.(2d) 585 (C. C. A. 4); In re Carter, 32 F.(2d) 186 (C. C. A. 2). It is the general doctrine that amendments touching only procedure apply to pending actions. Peace v. Wilson, 186 N. Y. 403, 79 N. E. 329; Sackheim v. Piqueron, 215 N. Y. 62, 109 N. E. 109; Larkin v. Suffarans (C. C.) 15 F. 157. The order, as amended, may have left power in the District Court to excuse a default; we do not find it necessary to decide, and arguendo we shall assume that it did. Whether the creditors showed a good excuse, depends upon how straitly we ought to charge them with notice of the amendment. It is true that the referee, who shared their mistake, misled them; so did the local rule, but the assurance of neither was valid. The amendment allowed a week for news of it to percolate; an interval plainly thought adequate to inform those interested. If so, the court must have meant that ignorance should not thereafter be an escape from the requirement, and we must enforce that purpose. Indeed, were this not so, we should have to decide in each case, whether the actual interval had been long enough in reason to charge creditors. Was the single month enough which had here elapsed, or were three or six necessary? On what information might creditors rely other than the official sources? Such inquiries we conceive to be irrelevant; the law is imperative; all are bound at their peril to learn its commands. It will not stop to ask how far those subject to them have in fact learned their content. There may be excuses for failing to comply, but ignorance is not one.

Orders of discharge affirmed; appeals dismissed from orders striking out specifications.