## In re REICHERT et al. *
### No. 396.

Circuit Court of Appeals, Second Circuit.
Aug. 17, 1934.

---

*Writ of certiorari granted Lawyer's County Trust Co. v. Reichert, 55 S. Ct. 215, 79 L. Ed. ——. Judgment affirmed Lerner v. First Wisconsin Nat. Bank, 55 S. Ct. 360, 79 L. Ed. ——.

Howard Myers, of New York City (Saul S. Myers and Joseph K. Guerin, both of New York City, of counsel), for appellant.

Meyer Marlow, of New York City (Stanley M. Dorman and George Robert Cohen, both of New York City, on the brief), for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

In this action in bankruptcy an order had been made requiring creditors to show cause on a day certain why a discharge should not be granted. On that day attorneys for a creditor, representing that but recently facts had been discovered on which it was desired to base objections to a discharge, and that as the grounds of opposition were charges so serious that authorization for filing specifications containing them should first be given by the president of the objecting creditor who had been confined in a hospital and had had no opportunity to consider the matter, obtained leave from the judge to file such specifications on the following day, and did then file them. Upon motion the specifications so filed were later stricken out, and the judge who took this action at the same time and in the same order directed the clerk "to enter forthwith the discharge" of the bankrupts. From this order the objecting creditor took an appeal without first obtaining leave.

It is claimed that there should be a dismissal of the appeal on the ground that the order was not appealable as of right. So far as that part of the order which struck out the specifications is concerned, leave to appeal was necessary as is shown by United Wall Paper Factories v. Hodges (C. C. A.) 70 F.(2d) 243. But here, as in the case just mentioned, the part of the order granting the discharge was appealable without leave, and, as the order to strike was an essential step in granting the discharge, it may be considered on the assignments of error. It is said that the only order so appealable is the formal entry made by the clerk which alone is final. Of course the order must be final, but the finality that is required is the action which disposes of the matter by way of judicial determination. France & Canada S. S. Co. v. French Republic (C. C. A.) 285 F. 290; Sullivan v. Associated Billposters and Distributors (C. C. A.) 6 F.(2d) 1000, 42 A. L. R. 503. Nothing remained to be done at the time this appeal was taken other than for the clerk to comply with the order of the judge. That was a purely ministerial act which followed

as a matter of course. The order was final when the appeal was taken. Compare Gas & Electric Securities Co. v. Manhattan & Queens Traction Corp. (C. C. A.) 266 F. 625.

We have held that without good cause shown a District Judge has no power, after General Order 32 was amended and the amendment became effective on April 24, 1933 (11 USCA § 53), to extend the time for filing specifications of objection beyond the day when creditors are required to show cause. Now we have what appears to have been good and sufficient cause for granting an extension of one day for the filing of such specifications, and the question of power to grant any extension is squarely presented.

Before General Order 32 was amended in April, 1933, it read:

"A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be shortened or enlarged by special order of the judge."

The amendment altered it to read:

"A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

The change was, of course, deliberate and appears to us to be highly significant. Before, the judge had the express power to shorten or enlarge the time for filing specifications of objection, but by the amendment, all such power was withdrawn. Indeed, the sole purpose of the amendment, aside from including an extension proposal within its coverage, seems to have been to do away with this express power and more strictly limit the opportunity to create delays in administration even at the expense of some flexibility. Unless this is so, the amendment merely made the day when creditors are required to show cause the rule day for filing specifications of objections instead of the ten-day period immediately following, and left the actual time after the return day still wholly in the sound discretion of the judge. This view of the amendment requires a reading in by construction of all of the final clause of the order which was omitted by the amendment except the words "shortened or," and we can reach no other conclusion than that, if it had been the purpose to leave such power in the judge,

the language by which it had before been expressly conferred would not have been omitted.

So we think the filing of specifications of objection on the day when creditors are required to show cause is an absolute condition upon their right to oppose a discharge unless the judge may enlarge the time under the power conferred by General Order 37 (11 USCA § 53). Under that "* * * the judge may, by special order in any case, vary the time allowed for return of process, for appearance and pleading. * * *" That the specifications of objections must be considered a part of the pleadings is evident. Yet we do not think such specifications can properly be classed with pleadings generally and the time for filing varied in the discretion of the judge because for many years they have for this purpose been especially dealt with in General Order 32 and still are. That order has the force of a specific statute relating to its subject-matter, Wilkinson v. Walker (D. C.) 292 F. 395, and must, under familiar rules of construction, take precedence over general legislation which might otherwise control. The change was merely one of procedure and not of any substantive provisions of the law and so clearly within the power of the Supreme Court. Cases construing the order before amendment are not now helpful, since the very purpose of the amendment was to work a change in the procedure upheld in those decisions.

Order affirmed.