## In re BROWNSTONE.

District Court, S. D. New York.
Jan. 9, 1935.

Saul S. Myers, of New York City, for creditors.

Archibald Palmer, of New York City, for bankrupt.

PATTERSON, District Judge.

The motion is by the bankrupt to strike out notice of appearance and specifications by objecting creditors in opposition to discharge, and to grant the bankrupt his discharge.

The bankrupt filed petition for discharge. The order to show cause on the petition was originally returnable on August 9, 1933. The return date was adjourned by stipulation between the bankrupt's attorney and the attorney for creditors, first to August 23d and later to August 30th. On August 30th the case was called in court, and the attorney for creditors asked for a further adjournment. The bankrupt's attorney opposed. The court adjourned the case "for all purposes" to September 13, 1933. On that date the case was called, and the creditors entered formal appearance in opposition and written specifications of the grounds of opposition. The matter was then sent to one of the referees, to take testimony and report on the issues raised by the specifications. The referee has taken testimony. The bankrupt, pending final submission of the case to the referee, brought the present motion.

The bankrupt rests on the proposition that the bankruptcy court had no power to adjourn the case and to permit the filing of notice of appearance and specifications on the adjourned date; that consequently the case stands as if no appearance and specifications had been filed. Reliance is placed on General Order 32, as amended in 1933 (11 USCA § 53).

General Order 32, as amended in April, 1933 (11 USCA § 53), reads: "A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

The Circuit Court of Appeals has held that since the amendment the District Court has no power to permit the filing of specifications after the day when the creditors are required to show cause. In re Reichert, 73 F.(2d) 56 (C. C. A. 2). This was a strict construction of the General Order, but was deemed inevitable, in view of the fact that the same order prior to the 1933 amendment contained a proviso sanctioning enlargement of the time for filing specifications by special order of the judge, a proviso that seemed to have been deliberately omitted under the amendment. Certiorari has been granted by the Supreme Court in the Reichert Case.

The effort of the bankrupt is to have the rule of the Reichert Case extended to cover a case where the date "when the creditors are required to show cause" is extended for all purposes by the court. The effort cannot be countenanced. When the court by order made the return day on the petition September 13th instead of the date originally fixed, September 13th became the day "when the creditors are required to show cause," as fully as if that date had originally been inserted in the order to show cause. There is nothing in General Order 32 that gives any particular sanctity to the date first designated. Full effect is given to that order by holding that opposition to discharge shall be evidenced by appearance entered on the date on which creditors are cited to show cause and by written specifications filed on the same day. It is plain that General Order 32 was obeyed in this case; the notice of appearance and specifications were filed on the day when the creditors were required to show cause.

An order to show cause against a bankrupt's petition for discharge is like any other order to show cause, so far as the return day is concerned. Neither the Bankruptcy Act (11 USCA) nor the General Orders adopted by the Supreme Court under it (11 USCA § 53) fix any particular number of days as the period of notice to creditors of the filing of the petition for discharge. The act (section 14, as amended May 27, 1926 [11 USCA § 32]) contains only a general direction that the application for discharge be heard "at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard." The limit of the notice is left to the discretion of the District Court. The return day of the order to show cause is fixed by the District Court in accordance with local rule or in conformity to what may be deemed suitable in the case under consideration. To maintain that the court, having once fixed August 9th as the day for creditors to show cause in opposition to discharge, has not the power on August 9th to postpone the matter for all purposes to September 13th, is as senseless as to say that any other order to show cause—say an order to show cause why a creditor should not be restrained from suing the bankrupt—cannot be adjourned by order of the court beyond the return day initially set. The

analogies relied on by the bankrupt are in matters wherein the act fixes a specific limit of time, such as the period of six months for filing proofs of claim, the period of one year for revocation of discharge, and so on. They bear no similarity to this case.

The decision is that the District .Court has power, on the return day of an order to show· cause why the bankrupt's application for discharge should not be granted, to adjourn the case for all purposes to a later date. Notice of appearance and specifications in opposition to discharge may be filed on the adjourned date.

The bankrupt's motion is denied in all respects.