In re PALESTINE.
No. 127.

Circuit Court of Appeals, Second Circuit.
Feb. 18, 1935.

William Edelson, of New York City (Bernard Breitbart, of New York City, of counsel), for appellant.

Harold D. Toomey, of Mt. Vernon, N. Y., for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

The appellant was adjudicated a bankrupt September 18, 1933. Among her creditors was the appellee. The appellant was examined before the referee, and thereafter filed a petition for discharge in bankruptcy. This was referred to the referee in the usual course. All creditors, including the ap-

pellee, were notified to attend, on February 7, 1934, and show cause why the discharge should not be granted. On February 7, 1934, the application for discharge was heard. None of the creditors listed in the schedules appeared in opposition except the appellee, who appeared through her attorneys, and filed a notice of appearance stating that she desired to file specifications of objections to the discharge of the bankrupt. No specifications of the grounds of the appellee's objections to the discharge were filed on February 7, 1934, the return day. However, the time was extended by allowing appellee two days within which to file such specifications. The bankrupt moved to dismiss the specifications because not filed as required by General Order 32 of the United States Supreme Court (as amended in 1933, 28 US CA § 53) on the return day. The appellant's motion was denied, and an order entered. This appeal was then taken from the order.

The motion should have been granted. In re Reichert (C. C. A.) 73 F.(2d) 56, affirmed Lerner v. First Wis. Nat. Bank (Lawyers' County Trust Co. v. Reichert) (February 4, 1935) 55 S. Ct. 360, 79 L. Ed. —.

Order reversed.