## In re BERGMAN.
### No. 34173.

District Court, E. D. New York.
Dec. 13, 1938.

Goldman, Malter & Goldman, of New York City, for bankrupt.

Samuel Bierman, of New York City, for trustee.

BYERS, District Judge.

The bankrupt excepts to specifications timely filed by the trustee on November 18, 1938.

The petition for discharge was filed on September 13, 1938, but the fees of the clerk for giving notice were not paid until October 1, 1938. On that date the order of notice was signed, and publication thereafter ensued, and on October 17th notice was mailed to the creditors.

In the bankrupt's brief, it is candidly stated that the specifications assert that the bankrupt committed "certain acts, which, if established, concededly would bar her discharge".

The exceptions present the contention that the specifications are legally insufficient because in filing them the trustee has acted pursuant to the authority conferred upon him by the amended bankruptcy law (Sec. 47a, subd. 9, 11 U.S.C.A. § 75(a) (9) effective September 22, 1938, in that he did not call a meeting of creditors in order to obtain authority from them to oppose the application for discharge, which he was required to do by the statute in force when the petition in bankruptcy was filed, on January 19, 1938.

For the trustee, reliance is had upon section 6, subdivision (b), of the new statute, 52 Stat. 940, 11 U.S.C.A. § 1 note, entitled "Additional Amendments", which reads in part:

"except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect * * *."

The question is whether it is practicable to consider the trustee's objections on the merits.

From the recital above-stated, it appears that the bankrupt did not effectually set in motion the statutory machinery for discharge until nine days after the new law took effect, from which it is concluded that, on October 1, 1938, she necessarily challenged the trustee to do exactly what he has done, and that it is therefore entirely "practicable" to apply the provisions of the amendatory act to so much of this proceeding as concerns the application for discharge.

This conclusion does no violence to any so-called substantive right of the bankrupt as of September 19th, last, since it involves merely procedure; no question of merit resides in the mere difference between the holding of a creditors meeting, as the basis for the trustee's action, and the exercise of his clear duty without that aid.

Indeed a new reason for denying a discharge, created by a statute which became effective after the filing of the original

petition, was held to be fatal to an application for discharge in the case of In re Carter, 2 Cir., 32 F.2d 186. See, in general, as to the effect of amendments upon pending cases: United Wall Paper Factories, Inc. v. Hodges, 2 Cir., 70 F.2d 243, at page 244.

Exceptions overruled.

Settle order.