**rn re FARROW.**

No. 4489–Y.

District Court, S. D. California,
Northern Division.

June 15, 1939.

John Preston King, of Lindsay, Cal.,
for petitioner.

Leroy McCormick, of Visalia, Cal., for
objecting creditors.

YANKWICH, District Judge.

An adjudication was made on April
27, 1937. No application for discharge
was made within twelve months. Nor was
an extension obtained under Section 14
of the old Bankruptcy Act, 11 U.S.C.A. §
32.

On April 21, 1939, the bankrupt peti-
tioned the court for final discharge. The
petition recited that failure to apply for
discharge was not due to any fault or
negligence on the part of the petitioner,
but to the absence of the petitioner's at-
torney from the United States. The
Referee filed a certificate of compliance
and a recommendation that the discharge
be granted. The court set the matter for
hearing for June 2, 1939, fixed that date
also for the filing of objections, and or-
dered that notice to that effect be given
by the Referee both by mailing and by
publication in a newspaper. This was
done. The unsecured creditors have filed
objections upon the ground that the ap-
plication was not timely, and that, at the
time it was made, the maximum period of
eighteen months during which a discharge
could have been had, had long since ex-
pired. The latest date on which discharge
could have been applied for was October
27, 1938. Under Section 14, as it stood
before the recent amendment, the applica-
tion comes too late.

However, Section 14 was amended by
the Bankruptcy Act of 1938, which be-
came effective on September 22, 1938.
By the amendment, petitions for discharge,
by individuals, are done away with. The
adjudication automatically operates as an
application for discharge. 11 U.S.C.A.
Chapter 3, § 32. The effect of the change
is thus stated in Moore's Bankruptcy
Manual, 1939, Sec. 14.01, page 55: "(a)
Subdivision (a) *confers a new privilege
upon persons other than corporations.*
The adjudication operates as an applica-
tion for a discharge. Thus *in all non-*

*corporate cases the provision protects the bankrupt from oversight in applying for a discharge and tends to prevent intentional delay by a fraudulent bankrupt until the creditors have lost interest and are less likely to oppose a discharge.* The provision for a waiver avoids the necessity of a formal hearing where the bankrupt does not desire a discharge." (Italics added)

■ There is no saving clause in the statute excepting pending proceedings from its effect. On the contrary, except where otherwise indicated, it is declared the intention of the Congress that the provisions of the new Act "shall govern proceedings so far as practicable in cases pending when it takes effect." See Sec. 6(b) of Chandler Act, 75th Congress, Ch. 575, 3rd session, 11 U.S.C.A. § 1 note, Moore's Bankruptcy Manual, 1939, p. 790. A discharge, which releases the bankrupt of his debts, and bars action on them, is a legal right to be denied only if the bankrupt is guilty of one of the acts, which the Bankruptcy Act makes ground for denial. In re Neiderheiser, 8 Cir., 1930, 45 F.2d 489, 492. Provisions for discharge are interpreted liberally in favor of the bankrupt. Johnston v. Johnston, 4 Cir., 1933, 63 F.2d 24; Kowalsky v. American Employers Ins. Co., 6 Cir., 1937, 90 F.2d 476; In re Horwitz, 7 Cir., 1937, 92 F.2d 632. And courts generally, recognize that where any provision relating to discharge is amended, the right to discharge will be governed by the law as it stands at the time the petition for discharge is filed or the court acts on it. In re Seaholm, 1 Cir., 1905, 136 F. 144; Lockhart v. Edel, 4 Cir., 1928, 23 F.2d 912; Royal Indemnity Co. v. Cooper, 4 Cir., 1928, 26 F.2d 585; Parrish v. Bank of Kearney, Neb., 8 Cir., 1929, 32 F.2d 982; Farmers Savings Bank of Grimes, Iowa, v. Allen, 8 Cir., 1930, 41 F.2d 208.

This upon the ground that provisions for discharge do not affect substantive rights, but the remedy only.

■ Consequently, there is no denial of due process in changing the conditions for discharge after an adjudication. See Hanover National Bank v. Moyses, 1902, 186 U.S. 181, 191, 192, 22 S.Ct. 857, 46 L.Ed. 1113, and see Oshkosh Waterworks Co. v. Oshkosh, 1903, 187 U.S. 437, 23 S.Ct. 234, 47 L.Ed. 249; Luria v. United States, 1913, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101.

■■ It all comes to this then: At the time the Bankruptcy Act of 1938 went into effect, the bankrupt could have made a timely application to extend his time for petitioning for discharge to the maximum of eighteen months. The passage of the Act without a saving clause deprived him of that right. But, at the same time, there came into being a new provision whereby his adjudication took the place of the application for discharge. He availed himself of it. The creditors had notice, and their day in court. And as they acquired no vested right through the bankrupt's failure to petition for discharge, because discharge affects their remedy only, they are not deprived of due process if the new privilege of discharge without application is applied to unfinished pending cases.

The objections to discharge will be overruled and the petition for discharge will be granted. Formal order to follow. Exception to the creditors.