### In re PONTELLO.
### No. 7423.

District Court, W. D. Michigan, S. D.

Aug. 15, 1939.

Gale Saunders, of Grand Rapids, Mich., for bankrupt.

Louis E. Maggini, of Grand Rapids, Mich., for objecting creditor.

RAYMOND, District Judge.

Antonio Pontello was adjudicated bankrupt on November 26, 1937. On March 4, 1939, upon petition of bankrupt, an order was entered extending time within which he might apply for discharge in bankruptcy. The matter is now before the court upon motion of a creditor to vacate the order granting extension of time upon the ground that bankrupt was not "unavoidably prevented" from filing his petition within twelve months from the date of adjudication. Upon the authorities cited in the case of In re Blakeslee, No. 6230,[1] decided November 15, 1937, and In re Berghorst, D.C., 24 F.Supp. 494, decided May 20, 1938, it is clear that no sufficient showing was made that bankrupt was unavoidably prevented from filing his petition for discharge within the time then limited by statute.

However, it appears that the amendment to section 14a of the Bankruptcy Act became effective on September 22, 1938, 11 U.S.C.A. § 32(a), and that thereafter petitions for discharge by individuals were done away with. By its provisions, the

---

[1] No opinion for publication.

adjudication automatically operates as an application for discharge. See In re Farrow, D.C., 28 F.Supp. 9, 40 A.B.R.,N.S., 155. See, also, Matter of Holder, D.C., 29 F.Supp. 331, 40 A.B.R.,N.S., 125.

In the case of In re Cederbaum, D.C., 27 F.Supp. 1014, in which a different result was reached, the year within which application for discharge could be filed had expired prior to September 22, 1938. The amendatory act specifically provides as follows (Sec. 6(b) of Chandler Act, 75th Congress, Ch. 575, 3rd session, 11 U.S.C.A. § 1 note): "b. Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; * * *."

An order will accordingly be entered denying the motion to set aside the order of March 4, 1939.