620

## In re JACOBS.

District Court, N. D. New York.
Jan. 24, 1940.

James York La Rue, of Watertown, N. Y., for bankrupt, Otis Building.

Gordon A. Longway, of Syracuse, N. Y., and James J. Butler, of Carthage, N. Y., for objecting creditors.

COOPER, District Judge.

This is a motion, in the form of an order to show cause, why the bankrupt should not be permitted to file a petition for discharge nunc pro tunc as of December 10, 1938.

The power of the Court to grant the application is challenged both on the ground of lack of merit and lack of jurisdiction.

The bankrupt was adjudicated December 11, 1937.

Due to misunderstanding between the bankrupt and his attorney and the latter's long absence from his office, the petition for discharge was not filed until May 12, 1939, more than one year and less than 18 months after adjudication.

The petition was returned by the Clerk because filed after 12 months and no order of the Court permitting filing accompanied the petition.

Further delay and misunderstanding and change of attorneys occurred. This petition on which the order to show cause was issued was made October 4, 1939.

It is not necessary to determine whether or not the bankrupt makes a meritorious case for granting the application for leave to file nunc pro tunc nor the power of the Court in that respect, in view of the enactment of the Chandler Act amending the Bankruptcy Law, 11 U.S.C.A. § 1 et seq. The chief question here is whether or not the amendment to the bankrupt law embodied in the Chandler Act preserves a bankrupt's right to discharge in case of an adjudication within twelve months prior to the effective date of the Chandler Act.

This Act was passed June 22, 1938 and became effective September 22, 1938.

Under a petition in bankruptcy filed after September 22, 1938, it was no longer necessary for the bankrupt to apply for discharge. By the terms of the statute the original petition was deemed an application for discharge and the act required the referee to fix a time for filing objections to the discharge.

Section 6, sub. b of the Chandler Act, 11 U.S.C.A. § 1 note, reads: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act

shall govern proceedings so far as practicable in cases pending when it takes effect, but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto.

When this Chandler Act became effective on September 22, 1938, the one year period during which the bankrupt might apply for discharge had not elapsed. If the Chandler Act was applicable to him he could no longer file an application for discharge and his discharge was subject to the provisions of the Chandler Act.

The authorities are conflicting as to whether or not the Chandler Act under the provisions of Section 6, sub. b is applicable to discharge in bankruptcy if the adjudication was less than one year prior to September 22, 1938, when the act took effect.

The objecting creditors rely in part upon the case of In re Cederbaum, D.C.S.D. N.Y., 27 F.Supp. 1014.

This seems to be the only District Court case holding that the Chandler Act is not applicable to discharges in cases of adjudication within one year from the effective date of the Chandler Act and there seem to be no Appellate Court decisions that Counsel or Court can find.

In the Cederbaum case the adjudication was on September 14, 1937 and the one year expired September 14, 1938.

This case is therefore distinguishable from the case at bar, for here the one year had not expired.

In Matter of Farrow, D.C.S.D.Cal., 28 F.Supp. 9, 40 A.B.R.,N.S., 155, decided June 15, 1939, more than one year but less than 18 months had elapsed when the Chandler Act became effective. The Court held there that the Chandler Act applied and the bankrupt was entitled to discharge.

In the case of Antonio Pontello, D.C. W.D.Mich., 29 F.Supp. 332, 333, 40 A.B.R., N.S., 414, 415, decided August 15, 1938, it was also held that the Chandler Act was applicable. In that case the bankrupt was adjudicated November 26, 1937, and the year had not expired when the Chandler Act became effective. In the case at bar, as stated, the adjudication took place on December 17, 1937.

The Pontello case distinguishes the Cederbaum case in this language:

"In the case of In re Cederbaum, D.C. [N.Y.], 27 F.Supp. 1014 [40 A.B.R.,N.S., 7], in which a different result was reached, the year within which application for discharge could be filed had expired prior to September 22, 1938. The amendatory act specifically provides as follows (sec. 6 [sub.] b of Chandler Act, 75th Congress, Ch. 575, 3rd session, 11 U.S.C.A. § 1 note) :

" 'b. Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect.' "

In the Matter of Holder, D.C.N.D. Ga., 29 F.Supp. 331, 332, 40 A.B.R.,N.S., 125. The bankrupt was adjudicated August 14, 1937. Thereafter, by order of the Court, Bankrupt was allowed 18 months from adjudication to file application for discharge. Within such period (September 22, 1938) the Chandler Act became effective.

The Court said: "Since the * * * Chandler Act making it unnecessary to file an application for discharge became effective during the time petitioner had a right to file such application, the adjudication operated as an application for discharge."

The matter was re-referred to the Referee to fix a time and place for filing objections to the discharge.

It is quite true that Section 6, sub. b says that: "Proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of [the old] Act."

█ The Cederbaum case was decided by reason of local rules in the Southern District of New York, which rules held in substance that the Chandler Act could not be deemed applicable in cases in which the order of adjudication had been entered prior to September 22, 1938. Such rules bind the Judges in the Southern District and must be given weight as the decision of the majority of the judges in the Southern District of New York.

Nevertheless, each Judge in any other District must decide the case in conformity with the law as he sees it.

█ It is the view of this Court that the Chandler Act is applicable and it is

the duty of the Court to fix the time within which objections may be filed.

It is the general doctrine that amendments touching only procedure apply to pending actions. United Wall Paper Factories v. Hodges, 2 Cir., 70 F.2d 243, 244, citing various cases. It is so held also in Lockhart v. Edel, 4 Cir., 23 F.2d 912. Matter of Seaholm, 1 Cir., 136 F. 144; In re Carter, 2 Cir., 32 F.2d 186, 188; Farmers' Sav. Bank v. Allen, 8 Cir., 41 F.2d 208, 210; In re Bergman, D.C.E.D. N.Y., 25 F.Supp. 696.

Some of these cases relate directly to the question of amendments affecting discharge.

In the Farmers' Bank case, supra, the Circuit Court of Appeals in the 8th Circuit said [41 F.2d 210]: "The uniform rule of decisions has been that petitions for discharge should be considered in the light of the law existing at the time the court enters its order." (Citing various cases).

While the application is for leave to file a petition for discharge, the better procedure is to re-refer the matter to the Referee with instructions to fix the time and place for filing objections to discharge.

An order may be entered.