**In re WARA.**

No. 9476.

Circuit Court of Appeals, Ninth Circuit.

Dec. 14, 1940.

C. D. Dorn, of San Francisco, Cal., for appellant.

Grant H. Wren, J. M. Conners, and W. Melville Holden, all of San Francisco, Cal., amici curiæ.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order which, upon the recommendation of a referee in bankruptcy, denied the petition of appellant, George A. Wara, a bankrupt, praying that his application for a discharge be set for hearing, that notice thereof be given, and that, upon such hearing, his application be granted.

Appellant was adjudged a bankrupt on February 16, 1938. At that time § 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, provided:

"(a) Any person may, after the expiration of one month and within twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months.

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard * * *."

By § 1 of the Chandler Act,[1] effective September 22, 1938, § 14 of the Bankruptcy Act was amended to provide:

"a. The adjudication of any person, except a corporation, shall operate as an application for a discharge. * * *

"b. After the bankrupt shall have been examined, either at the first meeting of the creditors or at a meeting specially fixed for that purpose, concerning his acts, conduct, and property, the court shall make an order fixing a time for the filing of objections to the bankrupt's discharge, notice of which order shall be given to all parties in interest * * *. Upon the expiration of the time fixed in such order or of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed; otherwise, the court shall hear such proofs and pleas as may be made in opposition to the discharge * * * at such time as will give the bankrupt and the objecting parties a reasonable opportunity to be fully heard."

Section 6, sub. b of the Chandler Act, 11 U.S.C.A. § 1 note, provides: "Except as otherwise provided in this amendatory Act,[2] the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of [the Bankruptcy Act] and the Acts[3] amendatory thereof and supplementary thereto."

In this case, no application for a discharge was ever filed. A meeting of appellant's creditors—of whom, it appears, there were only three—was held on March 16, 1938. Whether appellant was examined or not the record does not show. The referee's certificate states that the case was closed on June 30, 1938, but that cannot be so. For, under § 14 of the Bankruptcy Act, as it then existed, appellant had until February 16, 1939, within which to file an application for a discharge. Meanwhile, on September 22, 1938, while this case was pending, the Chandler Act took effect.

Relying on § 14 of the Bankruptcy Act, as amended by § 1 of the Chandler Act, and assuming, therefore, that his adjudication operated as an application for a discharge, appellant, on September 19, 1939, filed his petition praying that his application be set for hearing, that notice thereof be given, and that, upon such hearing, his application be granted. The petition was referred to a referee in bankruptcy. The referee reported that no application for a discharge had been filed; that the time within which an application might have been filed under § 14 of the Bankruptcy Act, as it existed prior to the Chandler Act, had expired; that § 14 of the Bankruptcy Act, as amended by § 1 of the Chandler Act, was not applicable to this case; and that, therefore, appellant's adjudication did not operate as an application for a discharge. As there was no other application, the referee recommended that appellant's petition be denied. The court approved the report, adopted the recommendation and denied the petition. This appeal followed.

As previously stated, this case was pending on September 22, 1938, when the Chandler Act took effect. The proceedings here involved were subsequent to that date and hence were governed, "so far as practicable," by the provisions of the Chandler Act,[4] including, of course, § 14 of the Bankruptcy Act, as amended by § 1 of the Chandler Act, which provides that "The adjudication of any person, except a corporation, shall operate as an application for a discharge."

We think it was "practicable" for § 14 of the Bankruptcy Act, as amended by § 1 of the Chandler Act, to govern these proceedings as fully and completely as if appellant's adjudication had occurred after the Chandler Act took effect. We accordingly hold that appellant's adjudication operated as an application for a discharge and should have been so treated by the court. In re Smith, 2 Cir., 112 F.2d 711, 712; In re Farrow, D.C.S.D. Cal., 28 F.Supp. 9, 10; In re Holder, D.C. N.D.Ga., 29 F.Supp. 331, 332; In re Pontello, D.C.W.D.Mich., 29 F.Supp. 332. See, also, concurring opinion of Judge Clark in Cohen v. Keller, 2 Cir., 108 F.2d 495, 496.

---

[1] Act of June 22, 1938, c. 575, 52 Stat. 840.

[2] The amendatory Act here referred to is the Chandler Act.

[3] The amendatory and supplementary

Acts here referred to are those which preceded the Chandler Act.

[4] Chandler Act, § 6, sub. b, 11 U.S.C.A. § 1 note.

The court, if it has not already done so, should require appellant to be examined concerning his acts, conduct and property.[5] That done, the court should make an order fixing a time for the filing of objections to appellant's discharge, cause notice thereof to be given to all parties in interest and, upon the expiration of the time fixed or of any extension thereof, discharge appellant if no objection has been filed; otherwise hear such proofs and pleas as may be made in opposition to the discharge and determine the issues —all in conformity with § 14 of the Bankruptcy Act, as amended by § 1 of the Chandler Act.

Order reversed and case remanded for further proceedings.

[5] Bankruptcy Act, §§ 7, sub. a, 14, sub. b, 21, sub. a, 11 U.S.C.A. §§ 25, sub. a, 32, sub. b, 44, sub. a.