**In re PETTIS.**

No. 4894.

District Court, D. Rhode Island.

May 6, 1941.

Philip S. Knauer, of Providence, R. I., for bankrupt.

John A. Tillinghast, of Providence, R. I., for Faith Mills, Inc., creditor.

HARTIGAN, District Judge.

This is a motion of the bankrupt to expunge specifications of objections to his discharge.

Pettis was adjudicated a bankrupt on April 5, 1937, and on June 30, 1937, Faith Mills, Inc., a creditor of the bankrupt, filed, timely, the following specifications of objections to discharge:

1st. For the reason that he has destroyed, mutilated, falsified, concealed or failed to keep books of account, or records from which his financial condition and business transactions might be ascertained.

2nd. That within the twelve months immediately preceding the filing of the petition, the bankrupt transferred, removed, destroyed, concealed or permitted to be removed, destroyed or concealed property, with intent to hinder, delay or defraud his creditors.

3rd. That the bankrupt has failed to satisfactorily explain loss of assets or deficiency of assets to meet his liabilities.

4th. That the bankrupt has obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition.

On September 28, 1939, a stipulation was filed in which it was agreed by the bankrupt and the Faith Mills, Inc., "that the specifications of objection to discharge be assigned for hearing on Wednesday, October 11, 1939." This was an agreement by the parties to hear the matter on its merits. On that date the matter was passed and nothing further was done by the parties until July 27, 1940, three years and one month after the filing of the objections, at which time a new attorney for the bankrupt filed a motion to expunge said specifications of objections.

The motion to expunge specifications of objections to discharge sets forth substantially:

First: That said objecting creditor has failed for a reasonable time to prosecute said objection to bankrupt's discharge.

Second: (a) That creditor's first specification lacks the requisite particularity as a ground of objection in that the charge is in the alternative and uncertain and void; and in that it does not state the facts relied upon as violating the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.; and in that it does not charge that any such act or omission was done with fraudulent intent to conceal his true financial condition; and

in that it gives bankrupt no notice of what facts he is to defend against.

(b) That the creditor's second specification lacks the requisite particularity required in that the charges therein are made in the alternative and are uncertain and void; and in that it does not state the facts relied upon as constituting the violation of the Bankruptcy Act; and in that it does not point out nor state what property was transferred, or destroyed, or concealed or whether the bankrupt did the act himself, or permitted it to be done; so that the bankrupt cannot tell against what facts he is to defend; and that the third specification lacks the requisite particularity as a ground of objection in that it does not state the facts upon which the objecting creditor relies as a violation of the Bankruptcy Act, nor does it show any circumstances or facts that require an explanation as to any assets that were lost or what deficiency is referred to, so that the bankrupt does not know against what charge he is to defend; and that the fourth specification lacks the requisite particularity as the ground of objection in that the charge is in the alternative and void for uncertainty; and in that the specification does not set forth those facts upon which the objecting creditor intends to rely; and in that it does not appear that any such statement was made under such circumstances that the objecting creditor had the right to and did rely upon to its detriment, so that the bankrupt does not know against what charge he is called upon to defend.

█ The fact that the attorney for the bankrupt and the attorney for Faith Mills, Inc., entered into a stipulation to the effect that the specifications of objections to discharge be assigned for hearing on Wednesday, October 11, 1939, on which date the matter was passed, apparently by agreement of the parties, and that on July 27, 1940, the bankrupt alleges for the first time that the objecting creditor has failed for an unreasonable length of time to prosecute the specifications of objections to the bankrupt's discharge, does not impress the court with being a valid objection under such circumstances and, consequently, the bankrupt's motion in this regard is denied.

█ Section 6, sub. b of the Chandler Act, 11 U.S.C.A. § 1 note, provides: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as

practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of [the Bankruptcy Act] and the Acts amendatory thereof and supplementary thereto."

This case was pending on September 22, 1938, when the Chandler Act took effect and the proceedings here involved are governed by the provisions of the Chandler Act. In the Matter of George A. Wara, Bankrupt, 9 Cir., 116 F.2d 447. In re Farrow, D.C., 28 F.Supp. 9.

Section 14, subsection c, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, provides in part:

"c. The court shall grant the discharge unless satisfied that the bankrupt has

\*     \*     \*     \*     \*     \*

"(2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition in business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; or

"(3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; or

"(4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; or

\*     \*     \*     \*     \*     \*

"(7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities: Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The specifications of objections are set forth substantially in the terms of the Bankruptcy Act. In the case of In re Koeppel, D.C.E.D.N.Y. June 13, 1938, 24 F.Supp. 703, at page 704, the court said: "The specifications are set forth in the language of the statute and are therefore sufficient."

In the case of In re Low, D.C., 4 F.Supp. 766, at page 767, the court said: "Under the present amendment of 1926 (Bankr. Act § 14, as amended [11 U.S.C.A. § 32]), it is not necessary that proof be afforded of an intent to conceal the bankrupt's position so long as his failure was not 'justified under all the circumstances.'"

■ The weight of authority appears to be set forth in the case of In re McLaughlin, D.C., 4 F.Supp. 107, at page 108: "Specifications of objections to discharge must set forth the essential facts alleged to operate in bar of the discharge. In re Bauknight (D.C.) 14 F.(2d) 674; In re Ruhlman [2 Cir.] 279 F. 250. The creditor has clearly failed to allege facts sufficient to sustain the third objection [substantially the same as the third specification in the instant case] inasmuch as the allegation is merely in the language of the statute and does not apprise the bankrupt of the charge against him so as to enable him to meet it. In re Grossberg (D.C.) 11 F.2d 329; In re Wood (D.C.) 283 F. 565. The fourth objection [substantially the same as the first specification in the instant case] is insufficient, since it alleges only that bankrupt has failed to keep books of account or record from which his financial conditions might be ascertained without specifying in what particulars the bankrupt so failed. In re Lewis (D.C.) 163 F. 137; In re Nathanson (D.C.) 155 F. 645; In re Peck (D.C.) 120 F. 972; In re Frey (D.C.) 9 F. 376; In re Graves (D.C.) 24 F. 550. It is insufficient, also, to allege that such books of account or record have been destroyed or concealed without stating specific facts descriptive of such records [substantially the first specification in instant case]. In re Feuer [2 Cir.] 4 F.(2d) 892; E. H. Godshalk Co. v. Sterling [3 Cir.] 129 F. 580; In re Milgraum & Ost (D.C.) 129 F. 827."

In the case of Elizabeth Dixwell v. Scott & Co., Limited, 1 Cir., 115 F.2d 873, at page 874, the court said: "A discharge in bankruptcy is a privilege which a bankrupt is not entitled to unless he deserves it. Shanberg v. Saltzman, 1 Cir., 1934,

69 F.2d 262, 263. If any one of the objections to the discharge should have been sustained, then the discharge was properly denied. Erickson v. Bicknell, 8 Cir., 1928, 28 F.2d 729; In re Neiderheiser, supra [8 Cir., 1930, 45 F.2d 489]."

It is ordered that all the specifications of objections be made more definite and certain on or before May 21, 1941.