## In re POWERS.

No. 60460.

District Court, D. Massachusetts.

Dec. 18, 1941.

Harry A. Simon, of Salem, Mass., for bankrupt.

Flanagan & Fox, of Lawrence, Mass., for objecting creditor.

FORD, District Judge.

On June 3, 1940, the bankrupt in this case moved to amend a petition for discharge filed September 30, 1938, by adding to the allegations therein the statement, "and that he has been unavoidably prevented from filing his petition within one year after adjudication; that he may now be allowed to file this petition"; that the records of the case be amended to show the filing of the petition in its amended form on the day that the original petition was filed; and that an order of notice now issue on the petition.

The petitioner also prays to be allowed to amend his affidavit filed in connection with the petition for discharge by adding, "That your deponent was unavoidably prevented from filing a proper petition through the ignorance, mistake or carelessness of his attorney who told him that he had a year and a half in which to file a petition for discharge and who prepared his petition and affidavit in the manner and in the form in which it was received in this court on September 30, 1938", and that such further and other orders and decrees may be made as seem meet.

This motion was referred to a referee to report the facts relative to the bankrupt's efforts to obtain a discharge. The referee has reported the facts to the court. His findings of fact are adopted by me and may be summarized as follows:

The original voluntary petition in bankruptcy was filed March 30, 1937. On that date, the petitioner was adjudicated a bankrupt. On September 30, 1938, the bankrupt filed an application for discharge, presumably, under the provisions of Section 14, sub. a, of the old Bankruptcy Act, 11 U.S. C.A. § 32, sub. a, which appears in the margin. [1] It was "received" by the clerk of the District Court, but not "filed", as a regular petition, because, as the clerk concluded, the proper allegations were lacking setting forth the reasons for the bankrupt's delay in filing. The petition contained no allegation that the delay in filing was unavoidable, and no prayer for leave of the court to file an application late. Subsequently, on August 21, 1939, the bankrupt filed a second petition in bankruptcy. Objections to a discharge on this petition were filed and the bankrupt waived discharge.

The bankrupt was, and still is, a public employee in the City of Lawrence, Massachusetts, where his duties do not require any particular knowledge of commercial matters. He employed an attorney to draw and file his petition and schedules. The bankrupt did not know within what time he had to make application for a discharge until more than twelve months after his adjudication. He spoke to his attorney several times about the necessity of filing "some paper to get a discharge". Each time the attorney told him that "he knew what to do and would take care of it". The attorney's secretary testified that it was the custom of her employer to tell his bankrupts at the time of the first meeting that at the end of six months they must come to his office to sign papers for their discharge. But she also testified no notice was ordinarily given to notify the bankrupt to come in, and there was no evidence that this bankrupt was ever requested to come in to sign papers for his discharge.

The referee found further, from examination of the defective petition finally filed, that the attorney employed by the bankrupt was ignorant of the manner and form of the proper procedure to employ before the eighteen months expired; that the attorney was negligent, utterly disregarded his client's rights during the first twelve months after adjudication, and the bankrupt was in no way responsible for any delay in making application.

Section 14, sub. a of the old Bankruptcy Act, set out above, which was in effect when the bankrupt filed his original petition, was amended by the provisions of the Chandler Act of 1938, 11 U.S.C.A. § 32, sub. a, effective September 22, 1938, so that

[1] Sec. 14, sub. a of the Bankruptcy Act of 1898: "Any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

it now reads as follows: "a. The adjudication of any person, except a corporation, shall operate as an application for a discharge: * * *."

Also Section 6, sub. b of the Chandler Act, c. 575, 52 Stat. 940, 11 U.S.C.A. § 1 note, states that:

"Effect of This Amendatory Act.—

*    *    *    *    *    *

"b. Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; * * *."

■ It was the purpose of Congress in amending Section 14, sub. a of the old act, to avoid the harshness visited by this provision on the bankrupt, who, ignorant of the law, failed to file his petition for discharge within the time limited. With this purpose in mind, it would hardly appear probable that their intention was that the meaning of "cases pending" should be confined to narrow limits, or that the court should seek to find the granting of relief impracticable.

Was the instant case pending when the Chandler Act became effective? If the right to a discharge had not already been lost, it can be said it was pending and the procedural provisions of Section 14a as it is now drawn can be applied. (See Collier on Bankruptcy, Vol. I, p. 1260).

■■ Under the old law the right to a discharge was lost by failure to file a petition within twelve months unless the bankrupt was unavoidably prevented from doing this, in which case he might have an extension of time to eighteen months, "if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, * * *". In the present case the Chandler Act became effective more than twelve and less than eighteen months after adjudication, and, in view of the fact that I believe the bankrupt was unavoidably prevented from filing his petition for a discharge within twelve months, the right to a discharge still existed at the effective date of the act. I reach this conclusion because it was the negligence and disregard of the bankrupt's rights by his attorney that caused the delay in filing a petition for discharge. Such negligence is not chargeable against a bankrupt in a case like this, where the bankrupt made frequent inquiries and besought his lawyer to attend to the matter. That such carelessness of an attorney is ground for a finding that the bankrupt was "unavoidably prevented" from filing his petition for discharge within twelve months is well supported by authority. Cf. Cohen et al. v. Keller, 2 Cir., 108 F.2d 495; In re Ewing, D.C., 8 F.Supp. 285; In re Casey, D.C., 195 F. 322. It follows that this case was pending and the provisions of Section 14, sub. a of the Amendatory Act of 1938, are applicable.

■ Most courts which have passed on the question have believed it practicable to apply the provisions of the Chandler Act to cases where the right to discharge has not been lost. Where the Chandler Act became effective within twelve months after adjudication, it seems well settled that the bankrupt's right to a discharge is not dependent upon filing a petition in accordance with the former law. In re Wara, 9 Cir., 116 F.2d 447; In re Jacobs, D.C., 31 F. Supp. 620; In re Pontello, D.C., 29 F.Supp. 332. The only case contrary is In re Early, D.C., 34 F.Supp. 774, and the court there cited no authority and gave no reasons to support its position. It seems that the reasoning of the former group of cases applies to this case, for under the old law, at the effective date of the act, this bankrupt could still, as I have stated above, on showing the facts to the court, have obtained leave to file a petition for discharge. In re Totarello, D.C., 33 F.Supp. 530 and In re Farrow, D.C., 28 F.Supp. 9, held the amendment applicable to cases wherein more than twelve but less than eighteen months had elapsed between adjudication and the effective date of the act, even without a showing of unavoidable prevention from filing earlier. The Southern District of New York took an opposite view on facts similar to the last two cases. In re Cederbaum, D.C., 27 F.Supp. 1014. In view of the facts here, I find it is unnecessary for me to attempt to resolve this latter conflict. Cf. Collier on Bankruptcy, Vol. I, pp. 1257–1260.

A notice will issue as provided in Section 58, 11 U.S.C.A. § 94, of the present Bankruptcy Act provided the bankrupt has been examined in accordance with the provisions of Section 14, sub. b.

In this view there is no necessity of discussing the other relief sought by the motions.